UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Madeline Cox Arleo |
| v. | : Criminal No. 18-735 |
| PARMJIT PARMAR, <br> a/k/a "Paul Parmar," <br> SOTIRIOS ZAHARIS, <br> a/k/a "Sam Zaharis," <br> RAVI CHIVUKULA, and <br> PAVANDEEP BAKHSHI | |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney (Nicholas P. Grippo and Paul A. Murphy, Assistant U.S. Attorneys, and Leslie E. Lehnert, Trial Attorney, Money Laundering and Asset Recovery Section, appearing), and defendants Parmjit Parmar, a/k/a "Paul Parmar" (Jeffrey C. Hoffman, Esq., appearing) and Pavandeep Bakhshi (Alex Spiro, Esq., appearing) for a protective order for pre-trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, the defendants are charged in a three-count Indictment with, in Count One, conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371; in Count Two, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2; and in Count Three, wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

WHEREAS, the parties seek an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the defendants and their counsel of record during the course of this criminal litigation, including any documents or other information provided in compliance with the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, and any discovery scheduling orders the Court enters, which contain personal identifying information of third parties, including but not limited to names, Social Security numbers, dates of birth, bank account numbers, email addresses, physical addresses, and telephone numbers, as well as sensitive, nonpublic information gathered during the course of the investigation which relates to information and facts concerning both charged and uncharged conduct by the defendants and others (hereinafter, "Protected Information"); and

WHEREAS, the parties have agreed that the procedure to regulate the disclosure and use of Protected Information will not impede the defendants' ability to prepare for their defense, but merely will protect against the improper dissemination or use of any personal, sensitive information contained in Protected Information.

Therefore, IT IS HEREBY STIPULATED AND AGREED that the following

provisions shall govern the handling of Protected Information during pre-trial proceedings:

1. In addition to making Protected Information available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with their own copy of Protected Information to facilitate preparation for trial.

2. Any Protected Information filed in Court is to be filed under seal.

3. Access to Protected Information will be restricted to personnel authorized by the Court, namely, the defendants and their counsel of record, and counsel's associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by the defendants and/or their counsel in connection with the criminal case), secretaries employed by counsel of record and performing services on behalf of the defendants, prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation), and such other persons as hereafter may be authorized by the Government or the Court upon motion by either or both of the defendants. Protective Information may not be given to or remain in the custody of prospective witnesses.

4. The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

    a. Duplicate Protected Information for, or allow copies of any kind to be made by, any other person, or allow Protected

        Information to be otherwise disseminated;

    b.    Allow the defendants to retain copies of Protected Information (unless redacted of personal identifying information);

    c.    Allow any other person to read, view or possess Protected Information; or

    d.    Use Protected Information for any other purpose other than preparing to defend against the charges in this case.

5.    Defense counsel shall advise any person to whom Protected Information is disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

6.    Defense counsel shall obtain a certification, attached hereto, from each person to whom Protected Information is disclosed, in which the recipient; (a) acknowledges the restrictions set forth in this Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Defense counsel shall keep a copy of each certification to identify the individuals who received Protected Information and the date on which such information was first disclosed. Defense counsel agrees not to disclose Protected Information to anyone who refuses to execute the certification.

7.    Defendants and their counsel may not disclose Protected Information to any person not identified in paragraph 3 above unless the defendants and/or their counsel make a written request to the Government for

an exception to these restrictions, and such a request is granted. If such exceptions are refused by the Government, the defendants and their counsel may seek relief from the Court.

8. Counsel for the defendants shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of Protected Information, counsel for the defendants shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

9. The restrictions set forth herein shall not restrict the use or introduction as evidence of discovery materials containing Protected Information during the trial in this matter, if the inclusion of such information is relevant to the case and the Court and the Government are given prior notice of the defendants' intent to use such information at trial.

10. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of this Protective Order.

11. The defendants and their counsel agree that they have no ownership or proprietary interest in the materials subject to the present Order. Defendants and their counsel further agree that within a reasonable period of time following the conclusion of this litigation (i.e., when the defendants have

exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the defendants' counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Protected Information, except for copies of Protected Information that remain in defense counsel's files and which are stored within defense counsel's offices or in a secure file storage facility.

**Form and entry consented to:**


_____
NICHOLAS P. GRIPPO
PAUL A. MURPHY
Assistant U.S. Attorneys

LESLIE E. LEHNERT
Trial Attorney


_____
JEFFREY C. HOFFMAN, ESQ.
Counsel for Defendant Parmjit Parmar


_____
ALEX SPIRO, ESQ.
Counsel for Defendant Pavandeep Bakhshi

**ORDER**

IT IS SO ORDERED this 10 day of ~~December, 2018~~ January, 2019:

6

exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the defendants' counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Protected Information, except for copies of Protected Information that remain in defense counsel's files and which are stored within defense counsel's offices or in a secure file storage facility.

**Form and entry consented to:**

_____
NICHOLAS P. GRIPPO
PAUL A. MURPHY
Assistant U.S. Attorneys

LESLIE E. LEHNERT
Trial Attorney

_____
JEFFREY C. HOFFMAN, ESQ.
Counsel for Defendant Parmjit Parmar


_____
ALEX SPIRO, ESQ.
Counsel for Defendant Pavandeep Bakhshi

**ORDER**

IT IS SO ORDERED this 10 day of January, 2019:

_____
HON. MADELINE COX ARLEO
United States District Judge

## **CERTIFICATION**

I, _____, acknowledge that I have read the Court's
    (Name of Recipient)

Protective Order in the case of *U.S. v. Parmar, et al.*, Crim. No. 18-735 (MCA).

I also have been advised by _____, that I will be viewing materials
                              (Name of Counsel)

that contain sensitive information. I also have been advised that such information should be held in strict confidence, should only be used in connection with the investigation and trial preparation of this case and that further disclosure, dissemination or use is prohibited without defense counsel=s express consent.


_____            _____
Signature                                         Date