**From:** Hoffman, Jeffrey C.
**Sent:** Friday, October 18, 2019 3:20 PM
**To:** 'Grippo, Nicholas (USANJ)'; Lehnert, Leslie (CRM); Murphy, Catherine (USANJ) 1
**Cc:** Timothy Parlatore (timothy.parlatore@parlatorelawgroup.com)
**Subject:** RE: Search Terms

Nick, The following are the names & descriptions of entities for the privilege log. Search terms will be provided shortly. Also under separate email I am sending an attachment letter responsive to the issue of bail Thanks

**From:** Grippo, Nicholas (USANJ) [mailto:Nicholas.Grippo@usdoj.gov]
**Sent:** Tuesday, October 15, 2019 12:00 PM
**To:** Hoffman, Jeffrey C.; Lehnert, Leslie (CRM); Murphy, Catherine (USANJ) 1
**Cc:** Timothy Parlatore (timothy.parlatore@parlatorelawgroup.com)
**Subject:** RE: Search Terms

Jeff,

Regarding the bail issues, we are not going to agree to adjust the travel restrictions. As to the bond amount and security/property, we will consider any specific proposal you believe is reasonable. As you know, the bail package in this case is complex and was the subject of a number of hearings and lots of work by the court, pretrial, etc. I don't think we would be comfortable with any drastic reductions; that said, we recognize that he's been compliant and will hear you out on any reasonable proposals.

Thanks,
Nick

**From:** Hoffman, Jeffrey C. <jhoffman@windelsmarx.com>
**Sent:** Thursday, October 10, 2019 5:05 PM
**To:** Grippo, Nicholas (USANJ) <NGrippo@usa.doj.gov>; Lehnert, Leslie (CRM) <Leslie.Lehnert@CRM.USDOJ.GOV>; Murphy, Catherine (USANJ) 1 <CMurphy1@usa.doj.gov>
**Cc:** Trombly, Andrew (USANJ) <ATrombly@usa.doj.gov>; 'pp5058000@gmail.com' <pp5058000@gmail.com>; Timothy Parlatore (timothy.parlatore@parlatorelawgroup.com) <timothy.parlatore@parlatorelawgroup.com>
**Subject:** RE: Search Terms

Nick, I expect to have a list of names & search terms by early next week. It will not be exhaustive as Paul cannot remember all the individuals & law firms w/ whom he has dealt. Thereafter I would like to discuss the methodology for the review. Additionally, Paul has more than satisfied his bail restrictions . Although he has been granted certain liberties like medical exams, accompanying his father to medical exams, religious services, he rarely asks for permission to do those things. He even tries to avoid meeting in my office if he feels he can do it by phone. In view of his exemplary adherence , I am requesting that you consider agreeing to lowering his bond so the sureties can get some use of their collateral. Also, that he be allowed to travel domestically for business. Thanks .

-----Original Message-----

From: Grippo, Nicholas (USANJ) [mailto:Nicholas.Grippo@usdoj.gov]
Sent: Wednesday, October 09, 2019 11:34 AM
To: Lehnert, Leslie (CRM); Hoffman, Jeffrey C.; Murphy, Catherine (USANJ) 1
Cc: Trombly, Andrew (USANJ)
Subject: Search Terms

Jeff,

We're following up from our conversation a few weeks ago about the review of Mr. Parmar's phone and, specifically, establishing search terms for our filter team to use to identify and segregate any potentially privileged communications from the device. I've copied Andrew Trombly, our filter AUSA, who will be handing the filter process on our end. Please send us asap a list of proposed search terms, including the names and email addresses of any attorneys with whom Parmar may have communicated using the phone. If you can get us the proposed list by the end of this week or early next week, that would be great. Once we have the list, Andrew will be in touch with you to discuss any suggestions and/or issues we have with it, and next steps.

Thanks,
Nick

Sent from my iPhone

---

Jeffrey C. Hoffman
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, New York, New York 10019
Direct Dial: 212.237.1018 | General Fax: 212.262.1215
jhoffman@windelsmarx.com | www.windelsmarx.com

---

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, regardless of whether you are a named recipient, please notify the sender by reply e-mail and delete the message and any attachments.

---

Jeffrey C. Hoffman
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, New York, New York 10019
Direct Dial: 212.237.1018 | General Fax: 212.262.1215
jhoffman@windelsmarx.com | www.windelsmarx.com



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, regardless of whether you are a named recipient, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Hoffman, Jeffrey C.
**Sent:** Friday, October 18, 2019 3:26 PM
**To:** Grippo, Nicholas (USANJ) (Nicholas.Grippo@usdoj.gov); Lehnert, Leslie (CRM) (Leslie.Lehnert@usdoj.gov); Murphy, Catherine (USANJ) 1
**Cc:** Timothy Parlatore (timothy.parlatore@parlatorelawgroup.com)
**Subject:** FW: Scanned document from ecopy@windelsmarx.com

Nick, Please see attached letter re: bail. Thanks

**From:** ecopy
**Sent:** Friday, October 18, 2019 12:39 PM
**To:** Hoffman, Jeffrey C.
**Subject:** Scanned document from ecopy@windelsmarx.com

Jeffrey C. Hoffman
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, New York, New York 10019
Direct Dial: 212.237.1018 |
General Fax: 212.262.1215
jhoffman@windelsmarx.com |
www.windelsmarx.com



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, regardless of whether you are a named recipient, please notify the sender by reply e-mail and delete the message and any attachments.



WINDELS MARX | Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Jeffrey C. Hoffman
212.237.1018
jhoffman@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

October 17, 2019

AUSA Nicholas Grippo
United States Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102

Re: *United States v. Paul Parmar*, Criminal No. 18-cr-735

Dear AUSA Grippo:

I am writing to follow up on our email communications regarding a modification of the current conditions of Mr. Parmar's bail. As you correctly noted, "the bail package in this case is complex and was the subject of a number of hearings and lots of work by the court, pretrial, etc." While this is true, much of that work was done under a very different factual assumption than what subsequent investigations and discovery have revealed. Specifically, I would like to draw your attention to the following:

a. **The "anonymous tip"** – As you may recall, Judge Vazquez commented on the Government's decision not to interview Arvind Walia to corroborate the tip. Discovery shows that, on July 12, 2018, after Judge Vazquez's ruling and before Mr. Parmar was released, the FBI did interview Mr. Walia, but the 302 does not indicate that any questions were asked to corroborate or debunk the anonymous tip. FBI-0000000064-65. Moreover, although it was publicly known that Salman Khan was in New Jersey performing a concert in June and July 2018 and was staying in a hotel in Newark NJ, we have no 302 indicating that he has been interviewed.

b. **DOJ Warning to Bank of America** – Notwithstanding then-AUSA Murphy's strenuous arguments that, despite the Financial Times articles, the "victims" did not know that the shells were empty, it seems that you have since uncovered two memos that members of your own department reached out to Bank of America and had at least two discussions alerting them about this exact issue prior to closing. FBI-0000000067-68.



AUSA Nicholas Grippo
United States Attorney's Office
October 17, 2019
Page 2

    c. **Other Indications that CC Capital Knew** – In addition to the Financial Times articles and the newly discovered DOJ warnings, there are multiple indications that Chinh Chu and CC Capital were fully aware of the financial condition of CHT during the due diligence process. For example, we have previously discussed how they chose not to purchase insurance for these entities. However, the recently disclosed 302s only further illuminate this point, as we now know that Chinh Chu and the CC Capital team were very open about their belief that there was fraud in CHT. Moreover, when Truc To encouraged Chinh Chu to walk away from the deal, Chinh refused, responded that if the deal was pulled, they'd be set back a couple of years because CC Capital was going to combine CHT with another purchase and the newly formed entity was going to be taken public. FBI-0000000052.

    d. **Valuation of CHT** – We have previously discussed how the Duff & Phelps valuation report shows that the price CC Capital paid was below the actual value of CHT. Obviously, this is vital for guidelines calculations purposes. I am happy to see that you followed up with Duff & Phelps on November 8, 2018, after our attorney proffer on this subject and that, even with the adjustments suggested by the Government, the valuation is still higher than the price paid.

    e. **Chinh Chu's Motive and Subsequent Behavior** – At the time of the initial bail hearing and appeal, then-AUSA Murphy strenuously argued that it made no sense that the victims were aware of the true condition of CHT and went forward anyway. In addition to the information already provided and discussed above, Chinh Chu's behavior since Mr. Parmar's release is also strong evidence of his motives and unlawful intent. As you know, Chinh Chu has sent several messages to Mr. Parmar beseeching him not to fight this case and to just plead guilty. When Mr. Parmar refused, Chinh Chu engaged in outrageous conduct which seems designed to intimidate him into submitting. Chinh Chu has admitted to paying a mercenary group to post people outside Mr. Parmar's home. During this same time period, people have broken into his Wi-Fi and illegally downloaded a significant amount of his data, destroyed his landline telephone system, and attempted to dump diesel fuel into his pond to kill the waterfowl.



AUSA Nicholas Grippo
United States Attorney's Office
October 17, 2019
Page 3

      All of the above points were unknown to us and, presumably, you as well at the time that we were litigating the complex bail package. Given the substantial change in circumstances, the risk of flight has been virtually eliminated and the original justifications for the complex bail package are inapplicable. We are proposing a reduction of the bond to $750,000.00 and that Mr. Parmar be released from home confinement with his travel restricted to the District of New Jersey, Southern District of New York, and other districts where Paul's relatives reside, religious visits, work visits as Pre-Trial may approve on a case-by-case basis.

                                     Very truly yours,

                                       Jeffrey C. Hoffman

JCH:mvr

{11747332:1}

**From:** Hoffman, Jeffrey C.
**Sent:** Friday, October 25, 2019 12:24 PM
**To:** Murphy, Catherine (USANJ) 1 (Catherine.Murphy2@usdoj.gov); Grippo, Nicholas (USANJ) (Nicholas.Grippo@usdoj.gov); Lehnert, Leslie (CRM) (Leslie.Lehnert@usdoj.gov)
**Cc:** Timothy Parlatore (timothy.parlatore@parlatorelawgroup.com)
**Subject:** FW: Scanned document from ecopy@windelsmarx.com

Nick, Leslie, Catherine, Please see the attached as our proposal for a change in Paul's bail conditions. Speak w/ you at 3.

**From:** ecopy
**Sent:** Friday, October 25, 2019 12:20 PM
**To:** Hoffman, Jeffrey C.
**Subject:** Scanned document from ecopy@windelsmarx.com

Jeffrey C. Hoffman
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, New York, New York 10019
Direct Dial: 212.237.1018 |
General Fax: 212.262.1215
jhoffman@windelsmarx.com |
www.windelsmarx.com



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, regardless of whether you are a named recipient, please notify the sender by reply e-mail and delete the message and any attachments.



Windels
Marx
Lane &
Mittendorf, LLP

windelsmarx.com

Jeffrey C. Hoffman
212.237.1018
jhoffman@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

October 25, 2019

**VIA EMAIL**
Catherine.Murphy2@usdoj.gov

AUSA Catherine R. Murphy
United States Attorney's Office, District of New Jersey
970 Broad Street, 7th Floor
Newark, NJ 07102

Re: ***United States v. Paul Parmar*, Criminal No. 18-cr-735**

Dear AUSA Murphy:

I appreciate the quick response, and your openness to considering a change in my client's current extremely restrictive bail circumstances. To answer your first question, I am attaching a chart showing the properties that we would propose to secure the suggested bond amount. The chart reflects the value of each property, available equity, etc.

Proposed Collateral pledged:

| Name | Property Address | Value (Trulia/ Zillow/city evaluations) | Mortgage | Equity |
|---|---|---|---|---|
| Dipinder Arora | 200 White Rd. Suite 209 Little Silver, NJ 07739 (Medical Office) | $262, 095.00.00 | 0 | $100,000.00 |
| Kiranprett Parmar Neeluprita Parmar | 301 Buel Avenue Staten Island, NY 10305 (Two Family Residence) | $650,000.00 | 231,303 | $100,000.00 |

{11750126:1}



AUSA Catherine R. Murphy
United States Attorney's Office, District of New Jersey
October 25, 2019
Page 2

| | | | | |
|---|---|---|---|---|
| Supreet Parmar<br>Sudip Parmar<br>Sukhwinder Parmar | 7 South 1st Street<br>New Hyde Park,<br>NY 11040 | $535,000.00 | $390,797.00 | $50,000.00 |
| Surjeet Manhas<br>Sumit Manhas | 384 Walnut Tree Hill Road<br>Shelton, CT 06484 | $615,241.00 | $177,325.00 | 200,000.00 |
| Vishal Gupta | 432 Route- 34 Unit 3, Matawan NJ 07747 | $400,000.00 | $250,000.00 | $100,000.00 |
| Harmohan Parmar | CASH from liquidating brokerage account | | | $200,000.00 |
| Total Available Equity | | | | $750,000. 00 |

    In response to your second concern, our proposal regarding the lifting of travel restrictions was made subject to pre-approval on a case by case basis by Pre-Trial. We suggest giving Pre-Trial a seven day in advance period in which to approve any travel outside of the states of New York and New Jersey. Although I hesitate to provide an exact list, as extenuating circumstances are always a possibility, I believe that I can safely say that my client would be likely to request approval (again, on a case by case basis and with advance notice) to travel to the following states: Pennsylvania, Connecticut, Delaware, Maryland, North Carolina, Florida, Massachusetts, California, Washington, Nebraska, and the District of Columbia. These are places in which he either has family or business interests, none of which he has been able to see since his arrest. There have been drastic changes to the circumstances and the evidence since the bail package in this case was initially set. Paul has shown himself to be thoroughly compliant with the Court's directives and the directives of Pre-Trial.

    I do want to point out that we are not seeking to have Paul's bail conditions removed entirely; as you know, he has no criminal history and, to the contrary, has a lengthy history of assisting the government's interests in a trustworthy capacity. Many defendants in that situation would request or at least expect to be released on their own recognizance. Rather than seeking a complete release, we are asking for and submitting to a substantial bond of



AUSA Catherine R. Murphy
United States Attorney's Office, District of New Jersey
October 25, 2019
Page 3

$750,000.00, requiring several properties to secure, and suggesting advance approval from Pre-Trial for travel outside of the states of New York and New Jersey.

    There is simply no reason to believe that Paul, who is actively fighting the charges against him, will not make each and every court appearance, which is the true purpose of bail. I look forward to discussing this further with you and Nick.

Very truly yours,

Jeffrey C. Hoffman

JCH:mvr

{11750126:1}