

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, 7th floor       973-645-2700
Newark, New Jersey 07102

December 2, 2019

Honorable Madeline Cox Arleo
United States District Judge
United States District Court
Martin Luther King Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

       Re:   *United States v. Paul Parmar, et al.*,
                2:18-CR-00735 (MCA)

Dear Judge Arleo:

      The United States respectfully submits this letter brief in response to defendant Paul Parmar's brief filed November 18, 2019 (Doc. No. 64), seeking an emergency stay of the motion for settlement and distribution of assets in the bankruptcy court ("Motion").[1]

      In Parmar's Motion, he asks that this Court issue a stay of proceedings in the Bankruptcy Court in the Eastern District of New York and to enjoin the United States and the Bankruptcy Court from liquidating or distributing certain assets pursuant to a proposed global settlement agreement filed in Bankruptcy Court (attached hereto as Exhibit A ("Exh. A")), alleging that the assets covered by the global settlement agreement are within the exclusive jurisdiction of this Court.  Parmar's reading of the proposed global settlement agreement is incorrect, as are his assertions regarding this Court's jurisdiction over certain assets.  The Indictment in this case includes a forfeiture allegation that identifies four real properties and six specific bank accounts.  The proposed global settlement agreement explicitly carves out those four properties and six bank accounts from the bankruptcy proceeding and provides for the forfeiture proceedings to continue in this case as well as in the related civil forfeiture action.

---

[1] The United States is filing a similar response in *United States v. 50 Riverside Boulevard, et al.*, Civil Action No. 18-9293, to address similar issues raised by Claimant Paul Parmar in that action.

With respect to funds seized from the escrow account of the law firm Robinson Brog in excess of $20 million, Parmar incorrectly claims that such funds have been frozen by this Court and are under this Court's exclusive jurisdiction. There is no basis for the relief Parmar requests because the proposed global settlement agreement expressly removes the four real properties and six bank accounts from the bankruptcy estate and the Robinson Brog seized funds in excess of $20 million are not within this Court's exclusive jurisdiction. Therefore, the Court should deny defendant's motion.

**Procedural History**

As a result of Parmar's actions, on March 16, 2018, Orion Healthcorp., et al. (the "Debtors") commenced bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq., in the United States Bankruptcy Court for the Eastern District of New York. On April 4, 2018, the Debtors commenced an adversary proceeding in the Bankruptcy Court through the filing of a summons and complaint against numerous defendants, including Parmar, Ravi Chivukula ("Chivukula"), Sotiros Zaharis ("Zaharis"), and the United States. (*See* 18-br-71748-ast, United States Bankruptcy Court for the Eastern District of New York; Doc. No. 80).

Meanwhile, on May 16, 2018, the United States commenced a civil forfeiture proceeding (the "Civil Forfeiture Proceeding") seeking the forfeiture of: (a) the Riverside Boulevard Property; (b) the Broad Street Property; (c) the River Terrace Property; and (d) 18 and 19 Colts Gait Lane, Colts Neck, New Jersey, Parmar's primary residence (the "Colts Neck Property" and collectively with the Riverside Boulevard Property, the Broad Street Property and the River Terrace Property, the "Parmar Real Properties").

On December 13, 2018, a grand jury sitting in the District of New Jersey returned an indictment (2:18-cr-00735-MCA) against Parmar, Zaharis, Chivukula and Pavandeep Bakhshi (the Indictment"). The Indictment includes a forfeiture allegation that specifically identifies the Parmar Real Properties as well as certain additional funds that the United States seized from six bank accounts (the "Additional Seized Funds").

On September 10, 2019, in the Bankruptcy proceeding in the Eastern District of New York, the Debtors filed a Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code for Entry of an Order Approving a Global Settlement Agreement by and Among The Liquidating Trustee, the Destra Parties, CC Capital and the United States of America. In filing the motion, the parties moved for the Bankruptcy Court to enter a settlement agreement "[i]n full and final settlement and

satisfaction of the Injunction Motion and the Motions to Dismiss." (Exh. A – Global Settlement at 17).[2]

**Improper Venue for Requested Relief**

Notably, Parmar has not moved for a stay of the settlement in the Eastern District of New York Bankruptcy Court, the court in which the proposed global settlement agreement was filed.  Instead, Parmar now asks the District Court for the District of New Jersey to enjoin the Bankruptcy Court for the Eastern District of New York.  Parmar has not provided any statutory or otherwise applicable legal basis for the District of New Jersey to enjoin the Bankruptcy Court for the Eastern District of New York from entering a settlement agreement.  No parties to the proposed settlement agreement have asked the District Court for the District of New Jersey to approve the bankruptcy settlement.  In essence, Parmar has filed the request for relief in the wrong venue, as Parmar should file a motion for his requested relief with the court that has jurisdiction over the proposed settlement—the Bankruptcy Court for the Eastern District of New York—not the District Court for the District of New Jersey.  The Bankruptcy Court for the Eastern District of New York has jurisdiction to approve the settlement agreement under 28 U.S.C. § 1334(b) and Federal Rule of Bankruptcy Procedure 9019.

**An Emergency Stay is Unnecessary and Inappropriate.**

At this time, there is no need for an emergency stay and there is no risk of any immediate irreparable harm.

1.   Parmar has not shown a need for an "emergency stay," as his request is not an emergency.  First, the Bankruptcy Court's entry of the settlement agreement is conditioned on Department of Justice ("DOJ") approval of the settlement agreement, and the DOJ has not yet approved the settlement.  (*See* Exh. A – Global Settlement at 23, "The Parties agree to adjourn the hearing on the Rule 9019 Motion unless and until this Settlement Agreement has been approved in writing and signed by the U.S. Department of Justice – Civil Division. In the event that this Settlement Agreement is not approved by the management of the U.S. Department of Justice and executed by the United States, this Settlement Agreement shall be deemed void ab initio and of no further force and effect.").  Secondly, the Bankruptcy Judge in the Eastern District of New York has not yet approved and entered the proposed global settlement agreement, but rather has scheduled an evidentiary hearing regarding the settlement for January 27, 2020—more than two months from now. (*See* Docket Entry November 18, 2019, 18-71748-ast (E.D.N.Y. Bankr.)).

---

[2] Inexplicably, the defendant attached an incorrect settlement agreement to his brief, rather than the proposed global settlement agreement.

  2. With respect to the Parmar Real Properties and the Additional Seized Funds, the proposed global settlement agreement does not provide for either the liquidation or distribution of these assets in the bankruptcy proceeding; rather, the global settlement agreement explicitly carves out the Parmar Real Properties and Additional Seized Funds from the bankruptcy settlement.

  Specifically, Paragraph 2 subparts (c) and (d) of the global settlement agreement provide that "the United States will continue its forfeiture proceedings, including with respect to the Parmar Real Properties [and] the Additional Seized Funds," and "[a]fter successful resolution of the Parmar Forfeiture Proceedings by the United States . . . the Parmar Forfeiture Assets shall be forfeited to the United States and liquidated." (Exh. A – Global Settlement, at ¶ 2(c)-(d)).  Paragraph 2 subparts (d) and (e) further provide that the liquidated civil forfeiture assets would be available for remission pursuant to 28 C.F.R., Part 9 to the victims of the fraud, and that the Liquidating Trustee would file a petition for remission on behalf of Bank of America and CC Capital.  (*Id.* ¶ 2(d)-(e)).[3]  Thus, the global settlement agreement clearly excludes the Parmar Real Properties and Additional Seized Funds from any liquidation or distribution in the bankruptcy case.

  Further, the global settlement provides an alternative in the event that these assets are released other than to the United States without being forfeited. (*See id.* ¶ 2(f), "In the event any of the Parmar Forfeiture Assets are released from the Parmar Forfeiture Proceeding other than to the United States, either as a result of a court order, not guilty verdict or settlement, the Liquidating Trustee shall be free to assert any and all rights and claims he may have with respect to such Parmar Forfeiture Assets, including, without limitation, seeking enforcement of the Attachment Order, as same may be modified.").  Accordingly, there is no need to enjoin the Bankruptcy Court for the Eastern District of New York from liquidating and distributing these assets because the global settlement agreement does not provide for the liquidation or distribution of the assets in this case.  In fact, the settlement agreement explicitly bars such liquidation and distribution.

  This Court's entry of a stay preventing the Bankruptcy Court for the Eastern District of New York from liquidating and distributing the Parmar Real Properties and Additional Seized Funds would do nothing, as entry of the proposed global settlement would not result in the liquidation and distribution of those assets.

---

[3] 21 U.S.C. § 853(i)(1) authorizes remission and provides that the Attorney General may "grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims * * * , or take any other action to protect the rights of innocent persons which is in the interest of justice." *See also* 28 C.F.R. Pt. 9 (regulations governing petitions for mitigation or remission of forfeiture).

3. With respect to the Robinson Brog escrow funds, there is no basis for defendant's claim that this Court has exclusive jurisdiction over those funds, and given the purposes underlying the proposed global settlement, it is appropriate for that settlement to go forward.

On or about March 15, 2017, the United States seized $20,100,356.70 from Robinson Brog's attorney escrow account number xxxx8734 at Wells Fargo. These funds were seized pursuant to a seizure warrant from the United States District Court for the Northern District of Texas, issued as part of the United States' criminal investigation of a fraud scheme involving Southport Lane Management, LLC. Southport Lane Management, LLC, and related entities engaged in an insurance wire fraud and money laundering scheme dating back to at least 2011, with at least some pertinent acts or omissions occurring in the Northern District of Texas. The scheme involved acquiring access to investment portfolios held by insurance companies and their trust funds, including marketable securities and other assets. In furtherance of the fraud and money laundering scheme, in 2013-2014, Southport participated in the acquisition of Orion HealthCorp Inc. (one of the Debtors in the bankruptcy) as a means of concealing or disguising the nature, location, source, ownership, or control of funds generated from its fraud scheme. The proposed global settlement in the bankruptcy proceeding is the result of a mediation ordered by the Bankruptcy court in order to compensate victims of this fraud scheme and creditors in the bankruptcy case.

Although the funds were deposited into the Robinson Brog escrow account following the closing of the go-private transaction set forth in the Indictment, the seizure of the funds was based on the Southport fraud scheme, not the go-private fraud alleged in the Indictment.[4] These funds are not included in the list of accounts specified in the forfeiture allegation set forth in the Indictment in this case. Accordingly, these funds are not within this Court's sole jurisdiction, and thus, there is no basis for a stay to issue from this Court with respect to the Bankruptcy Court's consideration of the proposed global settlement agreement.

---

[4] In complex financial criminal cases, assets may be traceable to more than one crime, subject to forfeiture in more than one case, and thus not under a court's exclusive jurisdiction, until such time as a final order of forfeiture issues.

**Conclusion**

      The Parmar Real Properties and Additional Seized Funds identified in the forfeiture allegation in the Indictment are specifically excluded from the proposed global settlement under consideration by the Bankruptcy Court for the Eastern District of New York. Thus, a stay of that proceeding is unnecessary. The funds seized from the Robinson Brog escrow account are not within this Court's exclusive jurisdiction, and are not included in the forfeiture allegation in the Indictment. Thus, a stay from this Court is unwarranted and defendant's motion should be denied.

                                              Respectfully submitted,

                                              CRAIG CARPENITO
                                              United States Attorney

                             By:      /s/ Catherine R. Murphy
                                      CATHERINE R. MURPHY
                                      HEATHER K. SUCHORSKY
                                      Assistant U.S. Attorneys

                                      LESLIE E. LEHNERT
                                      Trial Attorney
                                      Money Laundering and
                                      Asset Recovery Section
                                      U.S. Department of Justice

cc (by electronic filing):  Jeffrey C. Hoffman
                                Timothy C. Parlatore