UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

December 19, 2019

VIA ECF

**LETTER ORDER**

Re:   United States v. Paul Parmar, et al.,
      Criminal Action No. 18-CR-00735

Dear Counsel:

Before the Court is Defendant Paul Parmar's ("Defendant") emergency request for a stay of proceedings pending in the Bankruptcy Court for the Eastern District of New York and to enjoin it from distributing assets. ECF No. 64. For the reasons set forth below, the application is **DENIED**.

There are three related cases at issue here. This criminal matter arises from an indictment filed on December 13, 2018, charging Parmar with several counts of conspiracy to commit securities fraud, securities fraud and wire fraud, all stemming from Parmar's fraudulent misconduct with respect to a transaction to sell a medical billing company to a private investment firm. The indictment has forfeiture allegations with respect to four properties and six bank accounts. ECF No. 32. Second, a civil forfeiture action is pending in this District with respect to those same four properties owned by Parmar, No. 18-9293 (D.N.J.); and a bankruptcy proceeding is pending in the Eastern District of New York filed by Debtor Orion Healthcare. The Bankruptcy Court scheduled a hearing on a motion to approve a global settlement for January 27, 2020—which is the subject of this application.

Defendant seeks a stay of the bankruptcy proceedings in order to prevent that court from distributing the real property and bank accounts that are the subject of the forfeiture allegations in the indictment and the civil forfeiture proceedings. Def. Br. at 3-4. However, as the Government points out in opposition, these assets are specifically excluded from that global settlement, and will not be distributed as part of that proceeding. See Bankruptcy Settlement Agreement ¶ 2(c)-(d), ECF No. 65.1.

Defendant has not offered any legal or factual support for the extraordinary relief he seeks— an injunction against the Eastern District of New York Bankruptcy Court from enforcing a settlement agreement before it. He argues that the ordinary civil standard for a stay should apply, but even under this proposed standard, Defendant's arguments fail. See Def. Br. at 5. First, as to

a showing that he is likely to succeed on the merits, Defendant's only argument is that the Government "faces insurmountable flaws in what appears to be … a regrettable rush to judgment." Def. Br. at 6. But Defendant has been indicted and no affidavits or facts have been submitted to the Court in support of this application.

Second, Defendant cannot show irreparable harm. The assets that Defendant seeks to preserve are not subject to the Bankruptcy Court's proposed global settlement, and thus will not be affected by it.

Defendant's application is denied.

**SO ORDERED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**