UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------ X

UNITED STATES OF AMERICA.

V.  2: 18-cr-00735-MCA

PAUL PARMAR,

Defendant.

------------------------------------------------ X

### AMENDED STIPULATION AND (PROPOSED} CONSENT ORDER TEMPORARILY MODIFYING CONDITIONS OF RELEASE FOR PAUL PARMAR

This matter having come before the Court on the application of Defendant Paul Parmar, through undersigned counsel, for a modification of the Order Setting Conditions of Release, dated July 13, 2018, secured by a Property Bond entered into on July 26, 2018 [Dkt. No. 27] and as amended by a December 16, 2019, Order in the above-captioned matter ("Conditions of Release") [Dkt No. 72], and as further amended by a subsequent August 25, 2021, Order [Dkt. No. 120], and the United States and Pre-Trial Services having consented;

WHEREAS, Defendant Paul Parmar a/k/a Parmjit Parmar has been charged in a three-count indictment alleging conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, and securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff: Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2; and wire fraud in violation of Title 18, United States Code, Section 1343 and Section 2;

WHEREAS, Parmar is currently under medical supervision and his treating physician has stated that three (3) separate MRI exams are required for the proper diagnosis and ongoing treatment of Parmar's health;

WHEREAS, a condition of Parmar's bail under the Court's Orders is 24 hour monitoring through the use of an electronic ankle bracelet which would interfere with the MRI examinations being conducted;

WHEREAS, Parmar seeks the temporary removal by Pre-Trial Services of the electronic monitoring device for the duration of the three prescribed MRI examinations, with the bracelet to be reattached by Pre-Trial Services immediately following the MRI examination;

WHEREAS, the United States consents to the proposed removal of the electronic monitoring device for the temporary and limited purpose described herein; accordingly;

IT IS on this_____day of November, 2021, HEREBY ORDERED THAT:

Pre-Trial Services will remove Parmar's electronic monitoring device sufficiently in advance of the first scheduled MRI for Parmar to attend that appointment. After the appointment, Parmar will travel directly to Pre-Trial Services and a Pre-Trial Services officer will reattach the device. To the extent the MRI procedures require more than one examination that cannot be done with the electronic monitoring device attached to Parmar, Parmar shall meet with Pre-Trial Services before each such appointment to have the device removed, and he shall report back to Pre-Trial services immediately following each appointment to have the device reattached. If it is not possible to meet with Pretrial the same day due to the timing of the appointment, as determined by Pretrial, Parmar shall notify the Government and shall meet with

Pretrial the following morning at a time to be determined by Pretrial

Parmar will follow any contact method required by Pre-Trial Services during the period of time during which the electronic monitoring device is removed, and;

All other provisions stated in the Conditions of Release and subsequent Orders remain in effect.

Form and entry consented to:

_____
NICHOLAS P. GRIPPO
Assistant U.S. Attorney

HEATHER SUCHORSKY
Assistant U.S. Attorney
CAROLYN SILANE
Assistant U.S. Attorney

_____
JEFFREY C. HOFFMAN
TIMOTHY C. PARLATORE
MARYAM N. HADDEN

Counsel for Defendant Paul Parmar

SO ORDERED: _____
HON. MADELINE COX ARLEO
United States District Judge

Date:   November _____, 2021