UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :   Hon. Madeline Cox Arleo

            v.               :

PARMJIT PARMAR,     :   Criminal No. 18-735
  a/k/a "Paul Parmar,"     :
SOTIRIOS ZAHARIS,     :
  a/k/a "Sam Zaharis,"     :
RAVI CHIVUKULA, and     :
PAVANDEEP BAKHSHI     :
               :

This matter having come before the Court on the joint application of the United States, by Philip Sellinger, United States Attorney for the District of New Jersey (Nicholas P. Grippo, Matthew Nikic, and Carolyn Silane, Assistant U.S. Attorneys, appearing), and defendants Parmjit Parmar, a/k/a "Paul Parmar" (Jeffrey C. Hoffman, Esq., appearing) and Pavandeep Bakhshi (Franklin Monsour, Jr., Esq., appearing), for an order granting a continuance of proceedings in the above-captioned matter; and the defendants being aware that they have the right to have this matter brought to trial within 70 days of the date of their appearances before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendants each having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1.     This case has been designated as a complex case within the

meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the

nature of the prosecution and the volume of discovery, as referenced below,

such that it is unreasonable to expect adequate preparation for pretrial

proceedings or for the trial itself within 70 days.

2.      The discovery in the case is voluminous, consisting of, among

other things, financial records, email communications, and other electronically

stored information.

3.      The defendants are not in custody and consent to the requested

continuance.

4.      The District Court's Standing Orders during the COVID-19

pandemic tolled the Speedy Trial Act clock from March 16, 2020 through June

1, 2021 and from December 29, 2021 through January 31, 2022. *See* Dkt. Nos.

77, 82, 83, 89, 92, 96, 104, and 132. In addition, pretrial motions filed by the

defendants also have tolled the Speedy Trial Act clock. Dkt. Nos. 105-108.

Those motions remain pending.

5.      Although the Speedy Trial Act clock currently is tolled, the parties

seek an additional continuance order through May 31, 2022 to ensure

sufficient time for the Court to consider and decide the pending pretrial

motions, and for the parties to propose and the Court to set a schedule for

further proceedings following the disposition of those motions.

6.      As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A)

and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this

continuance outweigh the best interests of the public and the defendants in a speedy trial.

IT IS, therefore, on this 25th_day of February, 2022,

(1)    ORDERED that this action be, and hereby is, continued until May 31, 2022; and it is further

(2)    ORDERED that the period from the date of this order through May 31, 2022 be and hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*

_____
Honorable Madeline Cox Arleo
United States District Judge


Consented to as to form and entry:

/s/ *Carolyn Silane*
_____
NICHOLAS P. GRIPPO
MATTHEW NIKIC
CAROLYN SILANE
Assistant U.S. Attorneys


_____
JEFFREY C. HOFFMAN, ESQ.
Counsel for Defendant Parmjit Parmar


_____
FRANKLIN MONSOUR, JR., ESQ.
Counsel for Defendant Pavandeep Bakhshi

3