

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street*     973-645-2700
*Newark, New Jersey 07102*

May 3, 2022

**Via Email & ECF**
Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   <u>United States v. Parmar/Bakhshi</u>, Crim. No. 18-735

Dear Judge Arleo:

      The Government respectfully submits this letter in opposition to the defendant Paul Parmar's motion to adjourn oral arguments on his pending motions until mid-July. The Government consents to a short, two-week adjournment to ensure that ███████████████████████████████████████████████████. Yet for the reasons set forth below, the Government opposes a more significant adjournment based on Mr. Parmar's personal health circumstances. If the Court is inclined to adjourn the hearing based on Mr. Parmar's health considerations, the Government asks the Court to still hold oral arguments on Mr. Bakhshi's pending motions on May 5, 2022.

## Background

      The pending defense motions have been briefed since June 2021. ECF Nos. 115-17. The Court first scheduled oral arguments for January 13, 2022. ECF No. 125. The week before the hearing, Parmar asked for an adjournment on the grounds that he was undergoing medical tests and had contracted COVID-19. ECF No. 132. The Government consented to an adjournment, *id.*, and the Court rescheduled arguments for February 15, 2022. ECF No. 133. In early February, Parmar sought another adjournment due to medical issues. The Government again consented, and the Court rescheduled the hearing for March 28, 2022. *See* Feb. 8, 2022 Entry.

      The week before that March 2022 hearing, Parmar moved for an additional adjournment based on his ongoing medical circumstances. ECF No. 140. The Government did not object but expressed concerns to the Court regarding the repeated delays. ECF No. 141. The Government recommended that if Parmar were to later request yet another adjournment on medical grounds, the Court should "require him to make a thorough submission that demonstrates—through official

medical records—the health complications he is facing and any necessary testing that he must undergo." *Id.* On March 25, 2022, the Court rescheduled arguments for May 5, 2022. ECF No. 143. In significant part, however, the Court's text order provided, "***No further adjournments***." *Id.* (emphasis added).

On May 3, 2022, Parmar moved to adjourn the hearing again. In support of the motion, Parmar cites the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as well as Parmar's own, ongoing medical tests and potential challenges.

## Argument

The Government consents to a short, two-week adjournment to provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] The Government also takes Parmar's potential medical circumstances seriously, and for that reason, has consented to each of his prior adjournment requests. Yet the Government is concerned about the possibility of indefinite delays. For the following four reasons, the Government respectfully submits that the Court should deny any further adjournment based on Parmar's medical circumstances.

***First***, this Court explicitly ordered that there would be "no further adjournments" of the hearing. *See* ECF No. 143. Given Parmar's numerous prior adjournment requests and the inadequacy of the factual submissions made up to that point, this Court's order was well founded. The Court should not reconsider that prior ruling absent a compelling showing by Parmar.

***Second***, Parmar still has not provided a sufficiently detailed, documented reason for why he is unable to attend the hearing. He submitted a letter stating that he has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" on dates that include May 5. But he has not demonstrated that the particular test(s) scheduled for May 5 could not take place on another (perhaps earlier) date.

***Third***, significantly, even if Parmar cannot attend the hearing, his presence is not required. Although defendants are entitled to be present for hearings when required by applicable legal authorities such as Federal Rule of Criminal Procedure 43 or Due Process, none of those authorities apply here.[2] Parmar has not shown why

---

[1] One of the Government attorneys on this matter will be traveling out of the country from May 20 until June 6. Accordingly, to the extent possible, we would ask that the hearing be scheduled virtually for May 19 or in-person for the week of June 6.

[2] Rule 43 does not enumerate pre-trial motion hearings as among the proceedings for which a defendant's presence is required and it specifically excludes hearings that address "a question of law." *See* Fed. R. Crim. P. 43; *U.S. v. Burke*, 345 F.3d 416, 422 (6th Cir. 2003) ("The background of Rule 43 makes it clear that a pre-trial motion hearing is not a 'stage of the trial.'"). The "Third Circuit has explicitly ruled that a defendant has no constitutional right to be present at motions

his attendance is legally or factually required for oral argument on pretrial motions that were fully briefed months before he raised any issues relating to his potential medical conditions. Parmar generally cites the "extraordinary complexity" of the facts in this case as well as his intimate familiarity with those facts as compared with counsel. Yet he has not identified with specificity a single factual matter that is likely to be disputed or discussed at the hearing that was not adequately addressed in the parties' briefs and which will necessitate Parmar's direct participation. In the unlikely case that a specific factual issue arises that was not adequately addressed in the briefing, the Government would not object to Parmar submitting a brief written addendum to the Court after the motion hearing. While understandable, Parmar's general desire to be involved in his defense does not entitle him to indefinite delays of this pretrial hearing, particularly not after the parties and Court already agreed to numerous adjournments to facilitate his attendance.

*Finally*, even if the Court were to conclude that Parmar should be present for the arguments on his motions, the Court can and should hold arguments exclusively on Mr. Bakhshi's motions—a remedy that both defendants previously consented to. Alternatively, the Court could hold the arguments virtually, so that Parmar can observe the proceedings without needing to physically travel to Court; or could even decide the motions (or at least those that Parmar advanced) on the parties' substantial written submissions, which would ensure that the case continues to progress forward.

Thank you for your consideration.

Respectfully submitted,
Philip R. Sellinger
United States Attorney

By: *s/Nicholas P. Grippo*
Nicholas P. Grippo
Matthew Feldman Nikic
Carolyn Silane

cc: All Counsel, via ECF          Assistant United States Attorneys

---

prior to trial[.]" *Atkins* v. *U.S.*, 1990 WL 126196, at *7 (D.N.J. 1990) (citing *U.S.* v. *Lynch*, 132 F.2d 111, 113 (3d Cir. 1942) ("We do not understand that the right of a defendant to be present in court throughout his trial has ever been considered to embrace a right to be present also at the argument of motions prior to trial[.]")); *U.S.* v. *Johnson*, 129 F.2d 954, 958 (3d Cir. 1942) (Due Process only requires a defendant to be present "to the extent that a fair and just hearing would be thwarted by his absence") (quoting *Snyder* v. *Mass.*, 291 U.S. 97 (1934)). The Supreme Court "has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky* v. *Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder*, 291 U.S. at 105–106). As explained in this letter, Parmar has made no such demonstration.