UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

PARMJIT PARMAR, et al.,

*Defendants.*

Criminal Action No. 18-735-1

ORDER

**THIS MATTER** comes before the Court on Defendant Parmjit Parmar's ("Parmar") Request for Leave to File a Motion for Reconsideration,[1] or in the Alternative, an Interlocutory Appeal and a Petition for a Writ of Mandamus, ECF No. 158, of the Court's July 13, 2022 Order denying Parmar's Motion to Dismiss, Motion to Suppress, Motion to Disqualify the Prosecution Team, and Motion to Strike, ECF No. 154 (the "July 13 Order");

and it appearing that the United States of America (the "Government") opposes the Motion, ECF No. 159;

and it appearing that Parmar seeks reconsideration of the Court's conclusion that (1) venue in New Jersey is proper and (2) Parmar's emails need not be suppressed, see Def. Mem. at 2-4;

and it appearing that in order to prevail on a motion for reconsideration, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

---

[1] While Parmar only requests leave to file a motion for reconsideration, leave would be futile because the arguments he seeks to elaborate on lack merit. Thus, the Court briefly addresses the merits of his arguments in the instant Order.

and it appearing that reconsideration "is an extraordinary remedy that is rarely granted," Walsh v. Walsh, No. 16-4242, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017) (citation omitted);

and it appearing that a defendant may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (citation and quotation omitted);

and it appearing that Parmar first argues reconsideration is warranted because his counsel "apparently failed to set forth a few key factual and legal points," and with respect to venue, did not sufficiently highlight that the sole overt act listed in the indictment "indisputably took place in New York," Def. Mem. at 1-3;

and it appearing that the Court already considered and rejected this argument, finding that the indictment adequately alleged venue in New Jersey, and that no additional allegations were required at this stage, see Transcript of July 12, 2022 Hearing ("Tr.") 8:1-10:12;

and it appearing that Parmar next argues that the Court should reconsider the denial of his Motion to Suppress his emails;

and it appearing that specifically, Parmar contends that (1) his counsel "apparently failed to clearly set forth the factual distinctions" between his case and United States v. Shkreli, No. 15-CR-637, 2017 WL 3608252 (E.D.N.Y May 16, 2017), to emphasize that he had a legitimate privacy interest in his email account, as it was a private email domain; and (2) he was unable to supply examples of privileged emails from that account because he was not able to access the domain since early October 2017, Def. Mem. at 2-3;

and it appearing that Parmar's counsel did, in fact, raise the factual distinction between this case and Shkreli, but the Court nonetheless found that suppression was not warranted, see Tr. 21:13-22:14, 23:1-26:7;

and it appearing that further, while Parmar's counsel did not previously explain that Parmar lacked access to the email domain, it is unclear how that has prevented Parmar from identifying any privileged emails, as the Government represented at oral argument that Parmar has access to all of the emails obtained by the Government, and yet, Parmar has still not identified any privileged communications, Tr. 33:1-10;

and it appearing that although Parmar has attached an exhibit of a single email chain to show that some emails were privileged, it is unlikely that such an email would be privileged since a third-party, co-Defendant Pavandeep Bakhshi, is copied on the email chain, see Def. Mem. at 3-4 & Ex. B; In re Teleglobe Commc'ns Corp., 493 F.3d 345, 361 (3d Cir. 2007) ("[I]f persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach.");

and it appearing that these arguments do not warrant reconsideration of the Court's July 13 Order;

and it appearing that Parmar has not set forth any new evidence or an intervening change in law, or demonstrated a clear error of law or fact that would result in a manifest injustice;

and it appearing that Parmar asks that in the alternative, the Court permit him to pursue these issues via interlocutory appeal and a writ of mandamus, Def. Mem. at 1, 4;

and it appearing that "[i]t is well-settled that a criminal defendant may not file an immediate appeal of an order denying a pretrial motion to suppress evidence," and "if an error has been committed, it may be rectified [only] on appeal from the final judgment," United States v.

Williams, 413 F.3d 347, 354 (3d Cir. 2005) (alteration in original) (quoting United States v. Johnson, 690 F.2d 60, 62 (3d Cir. 1982));

and it appearing that "[w]hile 28 U.S.C. § 1651(a) grants federal courts the general power to issue writs, it is widely accepted that mandamus is extraordinary relief that is rarely invoked," In re United States, 273 F.3d 380, 385 (3d Cir. 2001);

and it appearing that "[a] petitioner seeking the writ 'must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable,'" In re Onishi, No. 22-1589, 2022 WL 1183715, at *3 (3d Cir. Apr. 21, 2022) (quoting Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996));

and it appearing that for the reasons discussed in this Order, Parmar has not shown that such extraordinary relief is warranted;

**IT IS** on this 11th day of August, 2022;

**ORDERED** that Parmar's Motion for Reconsideration or in the Alternative, an Interlocutory Appeal and a Petition for a Writ of Mandamus, ECF No. 158, is **DENIED**.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**