# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,      Case No.: 18-cr-00735-MCA

       v.

PARMJIT PARMAR
a/k/a "Paul Parmer,"

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DECLARATION OF JEFFREY C. HOFFMAN
## IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Jeffrey C. Hoffman, on behalf of himself and Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), hereby moves to withdraw as counsel for defendant Parmjit Parmar a/k/a "Paul Parmar" (the "Defendant") in this action. For the following reasons, I ask this Court to allow Windels Marx to withdraw as attorneys of record for Defendant. In support thereof, I offer the following averments:

1.      Defendant is Parmjit Parmar a/k/a "Paul Parmar" (the "Defendant") in this action brought by the United States of America, first via a sealed complaint on or about May 15, 2018, and subsequently superseded by an indictment filed on December 13, 2018.

2.      Defendant retained Windels Marx to represent him in November 2017 in connection with his defense of criminal charges at the trial court level. I have been the primary attorney responsible for Windels Marx's representation of Defendant since 2017.

3.      Good cause for withdrawal exists. My ability to meaningfully communicate with Defendant about matters related to the representation has deteriorated in recent months due to Defendant's stated loss of trust in me and my firm. We now have an irreconcilable breakdown in

communication that prevents me and Windels Marx from adequately discharging our duties, and that necessitates our withdrawal as counsel.

4.      Since late March, Defendant has claimed on several occasions that Windels Marx's representation of him has not met his expectations and that Windels Marx cannot continue to represent him due to a potential conflict of interest.  Windels Marx believes that its representation of Defendant was consistent with Windels Marx's ethical obligations, including its obligation to provide competent and diligent representation and to obtain its client's informed consent to representations that may present potential conflicts of interest.  Nevertheless, Windels Marx cannot continue to provide competent representation to a client who believes we have violated our professional duties.

5.      In addition, since late March, on several occasions, Defendant has instructed me not to communicate with the DOJ about this matter, and to inform the Court and the DOJ attorneys that I am withdrawing my representation.

6.      At this point, what limited communications we are able to have with Defendant have been adversarial and do not permit the continuation of a functional attorney/client relationship.  The representation has been rendered unreasonably difficult due to our inability to meaningfully communicate with Defendant about his case.

7.      Defendant has stated that he "felt it necessary to request W[i]ndels to suspend their representation on March 30th, 2024" and that he "revoked" the waiver agreement pursuant to which Windels was representing him.  *See* Ex. A (Parmar Letter to the Court dated Apr. 17, 2024).

8.      Defendant has informed Windels Marx that he is in the process of retaining substitute counsel.

9.      Defendant has requested that I convey to the Court his request for a 45-day adjournment of deadlines to allow him time to retain new counsel and for new counsel to familiarize itself with the matter.

10.      Therefore, for the foregoing reasons, we respectfully request that this Court grant our motion to withdraw as counsel for Defendant and grant Defendant 45 days to retain new counsel.

JEFFREY A. HOFFMAN