UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Madeline Cox Arleo, U.S.D.J. |
| v. | Crim. No. 18-735 |
| PARMJIT PARMAR, a/k/a "Paul Parmar" | **Motion for Continuance and Exclusion of Time under the Speedy Trial Act** |

PLEASE TAKE NOTICE that the United States of America (Philip R. Sellinger, United States Attorney, by Carolyn A. Silane and Olta Bejleri, Assistant United States Attorneys), hereby applies to the Court for an Order continuing the proceedings herein pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161. In support of this application, the Government represents that:

1. On May 15, 2018, Defendant was charged by federal criminal complaint with (1) conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371; and (2) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2. *See* Dkt. No. 1. The next day, the Honorable Leda Dunn Wettre, U.S.M.J., held an initial appearance on the complaint and Defendant retained attorney Jeffrey Hoffman, Esq., of Windels Marx Lane and Mittendorf, to represent him. *See* Dkt. Nos. 6, 7. A few months later, in August 2018, Defendant also retained attorney Timothy Parlatore, Esq., of Parlatore Law Group LLP. *See* Dkt. No. 29.[1]

---

[1] Maryam Hadden, who appeared in July 2020, is also of the Parlatore Law Group LLP. *See* Dkt. No. 84.

1

2. On December 13, 2018, Defendant was indicted by a Grand Jury sitting in Newark for (1) conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371; (2) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2; and (3) wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2. *See* Dkt. No. 32.

3. The Court held a status conference on September 10, 2019, and set a scheduling order, which was amended several times. *See* Dkt. Nos. 56, 57. Since 2019, Defendant requested the adjournment of several of the Court's scheduled hearings and conferences due to his alleged COVID-19 illness, medical tests, and other medical issues. The Government has repeatedly requested a trial date.

4. Then, on April 22, 2024, Mr. Hoffman moved to withdraw as counsel, stating that (i) his "ability to meaningfully communicate with Defendant about matters related to the representation has deteriorated in recent months due to Defendant's stated loss in [him] and [his] firm," and (ii) Defendant claims Mr. Hoffman's firm has a conflict of interest. *See* Dkt. No. 211 at 2-3. Defendant likewise submitted a letter to the Court alleging "ongoing conflicts and concerns" and his withdrawal of his conflict waiver. *See* Dkt. No. 211-1 at 2. And in an April 24, 2024 submission to the Court, Defendant sought "a 45-to-60-day grace period" to seek new counsel. *See* Dkt. No. 213. Then, on May 6, 2024, Mr. Parlatore and Ms. Hadden likewise moved to withdraw as counsel and requested that the Court allow Defendant at least 45 days to retain new counsel. *See* Dkt. No. 215.

5. The Court held a status conference on May 14, 2024. For the reasons stated on the record, the Court granted the motions to withdraw and set another status conference for July 16, 2024, allowing Defendant time to retain new counsel, at which time the Court expects to set a trial date.

6. For the reasons stated above and on the record on May 14, 20204, and in the interests of justice, a continuance should be ordered. Such continuance is required to allow Defendant to retain new counsel, for the new counsel to become familiar with the discovery in this matter and adequately prepare for trial, and for the Court to conduct a jury trial in this case.

7. Accordingly, pursuant to Title 18, United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial.

8. WHEREFORE, for the reasons set forth above, the Government respectfully requests that this Court enter an appropriate Order granting a continuance of this matter from the date of this Order through October 1, 2024, and for such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    PHILIP R. SELLINGER
    United States Attorney

    By:   Carolyn A. Silane
          Olta Bejleri
          Assistant U.S. Attorneys

4

SO ORDERED THIS ___ DAY OF _____, 2024

_____
HON. MADELINE COX ARLEO
United States District Judge

4