

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*District of New Jersey*

---

*Olta Bejleri & Carolyn A. Silane*  *970 Broad Street, 7th floor*  *973-645-2700*
*Assistant United States Attorneys*  *Newark, New Jersey 07102*

October 18, 2024

**VIA EMAIL & ECF**

Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:   *United States v. Parmar*, Crim. No. 18-735

Dear Judge Arleo:

    The Government submits this letter in opposition to Defendant Parmjit Parmar's, a/k/a "Paul Parmar" request to attend a group witness preparation session on an unrelated case at attorney Robert J. De Groot's office on October 18, 2024. *See* Dkt. No. 239. For the reasons below, Parmar's request—through an attorney that does not represent him and pertaining to an unrelated case—should be denied.

    On August 22, 2024, the Court held a bail review hearing in which it found that—for years—Parmar violated his bail conditions and obstructed this Court's proceedings through his "unprecedented number of adjournment requests," many of which were submitted by his prior counsel and attached letters from doctors whose veracity the Court called into question. Notably, the Court stated that it was close to detaining Parmar and that this would be his last opportunity to remain on pretrial release. The Court then upgraded his release conditions to include home incarceration with a 24-hour lockdown and ordered Parmar to be allowed out only for medical appointments approved by U.S. Pretrial Services and Court hearings. *See* Dkt. No. 230. Relevant here, Mr. De Groot (who appeared for the limited purpose of the bail review hearing and no longer represents Parmar in this case) specifically requested that Parmar be allowed to attend attorney visits at his office. Mr. De Groot further noted that a denial of that request would in effect punish and inconvenience Mr. De Groot rather than Parmar. The Court considered—and denied—that request. Yet, less than two months from the Court's denial of the very request he makes now, Mr. De Groot once again asks the Court to permit Parmar to visit his office despite

the fact that no changed circumstances exist to warrant a different result. Further, Mr. De Groot does not represent Parmar in this matter, and the witness preparation to which he refers relates to an unidentified case that the Government nor the Court can confirm. To be sure, the Government has no objection to Mr. De Groot preparing Parmar for any testimony on any case either remotely or at Parmar's approved residence. Indeed, he is free to remotely join the witness preparation session today. But given that Parmar has routinely lied to the Court, used attorneys to obstruct justice and delay this Court's proceedings, and that no changed circumstances exist, the Government submits that Parmar's request should be denied.[1]

Thank you for Your Honor's consideration.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: _____
OLTA BEJLERI
CAROLYN A. SILANE
Assistant U.S. Attorneys

---

[1] Earlier this week, Parmar sought approval to modify his conditions so he could attend a veterinary appointment. In opposing that request during the October 15, 2024 conference, the Government expressed concerns that Parmar was slowly seeking to loosen and downgrade his release conditions. By seeking reconsideration of this Court's order without any changes in circumstance, Parmar is doing just that.