

Timothy C. Parlatore, Esq.
Managing Partner
timothy.parlatore@parlatorelawgroup.com
Direct: 212-679-6312

October 27, 2024

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    *Re: United States v. Parmar, 18-cr-735-MCA*

Dear Judge Arleo:

    I am writing to provide the Court with an update as to the provision of my attorney-client file to Mr. Parmar as well as to request that, if my presence is still required at tomorrow's hearing, that I be permitted to appear remotely.

    I keep all of my client files electronically through Clio, our firm's Practice Management System. I do not maintain any paper files. Given the volume of Mr. Parmar's file, having represented him for a number of years in both this matter and related matters, I was initially having difficulty downloading the entirety of the file for mailing, so I gave Mr. Parmar full electronic access on October 18, 2024. The user logs from my system indicate that Mr. Parmar did not log in to access the documents, as his last login was December 29, 2021.

    I then was able to download the entirety of the file and put it onto an external hard drive for mailing. The hard drive I sent, which is 39GB of data[1], contains all documents contained within my files for all matters that I have handled for Mr. Parmar. I did not remove any of the work product from the files, even though Mr. Parmar has a significant outstanding balance due to the firm. USPS attempted delivery at Mr. Parmar's home on October 25, 2024, but nobody was home to sign for the package. USPS tracking indicates that someone picked it up from the Post Office this morning.

    Mr. Parmar has informed me but has been unable to produce an Order to this effect, that the Court has directed me to go much further than my normal ethical

---

[1] The only materials which were not included were the raw discovery files, which I only had access to through an e-discovery vender before it was cancelled for non-payment. My understanding is that Mr. Parmar has been provided with substitute copies from both the Government as well as Windels Marx. I did provide him with our notes and tags from the e-discovery vender, which I was able to download before it was shut down.

Licensed to Practice by the States of New York and New Jersey
U.S. District Courts in New York, New Jersey, Connecticut, Pennsylvania, Texas, and the District of Columbia
Parlatore Law Group is a nationwide cloud-based firm. Please send all correspondence electronically.
If physical mail is required, please use the central mailing address below.
www.parlatorelawgroup.com  1440 N Edgewood St, Arlington VA 22201 

obligations of providing the file to Mr. Parmar and has instead directed me to perform a forensic evaluation of my email system and cell phone to provide to Mr. Parmar any emails and texts which refer to his case. As Mr. Parmar has not produced any such Order and the proposed process would be both time consuming and costly without any expectation of producing materials that would assist Mr. Parmar in preparing for his trial, I have not performed this search.

At this point, I have provided Mr. Parmar with access to all materials required. Should this Court still require my appearance at tomorrow's conference, I respectfully request permission to appear remotely. I am based in the Washington DC area and a personal appearance would require time and expense for a former client who still has a significant outstanding balance due to the firm. I have spoken with AUSA Silane, who indicates that the Government has no objections to my appearance remotely. I have asked Mr. Parmar the same question multiple times by email but have received no response.

                                              Respectfully submitted,

                                              Timothy C. Parlatore, Esq.