

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor          973 645-2700
Newark, New Jersey 07102

VSL/KML/GMB/PL AGR
2017R00897

May 6, 2025

**VIA EMAIL**

Andrew D. Goldstein          John H. Hemann
Victoria R. Pasculli          COOLEY LLP
Alessandra V. Rafalson          3 Embarcadero Center, 20th Floor
COOLEY LLP          San Francisco, CA 94111-4004
55 Hudson Yards
New York, NY 10001

   Re:  Plea Agreement with Parmjit Parmar

Dear Counsel:

   This letter sets forth the plea agreement between your client, Parmjit Parmar ("Parmar"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 6, 2025** if it is not accepted in writing by that date. If Parmar does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

   Conditioned on the understandings specified below, this Office will accept a guilty plea from Parmar to Count One of the Indictment, Criminal No. 18-735 (MCA), which charges Parmar with conspiracy to commit securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, in violation of 18 U.S.C. § 371. If Parmar enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Parmar for: (1) his involvement, from in or around May 2015 through in or around September 2017, in falsely inflating the value of the company identified in the Indictment as Company A and its operating companies and subsidiaries; and (2) operating a fraud from in or around April 2016 through on or about January 30, 2017 on purchasers of Class A Units of a company affiliated with Company A in connection with a go-private securities transaction. In addition, if

Parmar fully complies with this agreement, at sentencing, this Office will move to dismiss Counts Two and Three of the Indictment against Parmar.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Parmar even if the applicable statute of limitations period for those charges expires after Parmar signs this agreement, and Parmar agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which Parmar agrees to plead guilty in Count One of the Indictment carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Parmar is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Parmar ultimately will receive.

Further, in addition to imposing any other penalty on Parmar, the sentencing judge as part of the sentence:

(1)     will order Parmar to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Parmar to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*;

(3)     may order Parmar, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)     pursuant to 18 U.S.C. § 3583, may require Parmar to serve a term of supervised release of not more than 3 years, which term will begin at the expiration of any term of imprisonment imposed. Should Parmar be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Parmar may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

If, at sentencing, the Court determines that Parmar owes restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Parmar agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses, to victims of the scheme as will be identified prior to or at the time of sentencing.

<u>Forfeiture</u>

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Parmar agrees to forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable, directly or indirectly, to the conspiracy charged in Count One of the Indictment. Parmar further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds of obtained by Parmar (the "Money Judgment"). Parmar consents to the entry of an order requiring Parmar to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Parmar prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Parmar further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to

- 3 -

proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Parmar further agrees to forfeit to the United States all right, title and interest in the assets listed in Attachment 1 to the Plea Agreement (the "Specific Property"), which Parmar admits have the requisite nexus to the offense charged in Count One of the Indictment and are therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Parmar agrees the Specific Property is property which constitutes or is derived from proceeds which Parmar obtained, directly or indirectly, as a result of the conspiracy charged in Count One of the Indictment. Parmar understands and agrees that the list of property on Attachment 1 does not necessarily include all of the property Parmar must forfeit. Parmar further understands and agrees that he must forfeit all property which he obtained that constitutes or was derived from proceeds traceable to the conspiracy charged in Count One of the Indictment; as well as substitute assets as necessary to satisfy the Money Judgment.

Parmar further consents to the administrative and/or civil judicial forfeiture of the Specific Property. Parmar agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Parmar has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Parmar further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Parmar waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Parmar understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Parmar of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Parmar waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Parmar further understands that he has no right to demand that any forfeiture of Parmar's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Parmar in addition to forfeiture.

Parmar further agrees to take whatever steps are necessary to pass clear title to the United States in connection with the forfeiture of the Specific Property including, but not limited to, the signing of a consent judgment of forfeiture and any

- 4 -

other necessary documents and providing information and documents regarding the Specific Property as requested by the Office. Parmar will assist as requested by the United States in valuation and liquidation of the Specific Property. Parmar will also cooperate in requesting and obtaining necessary documentation regarding the Specific Property. Parmar further agrees to fully cooperate with the Office in any other action taken by the Office to satisfy the Money Judgment.

In addition to the Specific Property, the Government also seeks the forfeiture of the following assets, which were seized by law enforcement in or about June and July 2018, respectively: (1) the contents of TD Bank Account number 4346588861, held in the name of First Connect Center Investors Fund LP; and (2) and the contents of Bank of America Account number 381047817218, held in the name of First Connect Center Investors Fund LP. It is the Government's position that these assets are property which constitute or are derived from proceeds Parmar obtained, directly or indirectly, as a result of the conspiracy charged in Count One and are, therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Parmar disputes that the Government can establish the requisite nexus to the conspiracy charged in Count One of the Indictment. Parmar and the Government agree to present their respective arguments and evidence regarding this dispute to the Court in advance of sentencing.

Within 90 days of the entry of his plea, Parmar further agrees to vacate or, subject to the provisions governing third-party claims set forth in 21 U.S.C. § 853(n), cause all occupants to vacate all real property listed in Attachment 1 to the Plea Agreement. Parmar agrees to preserve the value of the property during the occupancy period, including taking all reasonable steps to ensure that the interior and exterior of the property, including its fixtures, and appliances, are not removed, depreciated, or damaged. Parmar further agrees to allow the government to inspect, inventory, and/or appraise the property and at mutually agreed upon times to ensure its continued maintenance. Parmar further agrees to promptly notify the Office if he learns of any condition that might affect the sale of the Property. Further, because all of the specific property subject to forfeiture as a result of Parmar's conviction of the offense charged in Count One of the Indictment has not been identified as of the date of this agreement, and may not be identified prior to sentencing, the defendant agrees to consent to the entry of amended preliminary orders of forfeiture when additional specific property is identified, pursuant to Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure.

Parmar hereby consents to the entry of order authorizing the interlocutory sale of any of the Specific Property, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, as the United States Attorney's Office may request. Any forfeited money and the net proceeds derived from the sale of the forfeited Specific

Property will be applied to the Money Judgment, until the Money Judgment is satisfied in full.

Parmar further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Parmar fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Parmar has intentionally failed to disclose assets on his Financial Disclosure Statement, Parmar agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, Parmar consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Parmar knowingly and voluntarily waives his right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Parmar by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Parmar's activities and relevant conduct with respect to this case.

Stipulations

This Office and Parmar will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that

stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly or improperly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Parmar waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Parmar understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Parmar understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Parmar wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Parmar understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Parmar waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Parmar also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Parmar. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Parmar from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

This Office agrees not to affirmatively seek an enhancement under Section 3C1.1 of the United States Sentencing Guidelines for obstructing or impeding the administration of justice. Nothing in the previous sentence can be construed to limit (a) the information the Government may provide to the U.S. Probation Office or the Court, (b) the Government's ability to support the application of an enhancement under Section 3C1.1 of the United States Sentencing Guidelines for obstructing or impeding the administration of justice if the U.S. Probation Office finds that it is applicable, (c) the Government's ability to respond to inquiries from the Court, (d) the Government's ability to rebut or respond to any defense arguments or claims pertaining to Section 3C1.1 of the United States Sentencing Guidelines, (e) the Government's ability to argue and submit evidence that Parmar has not accepted responsibility, as contemplated by Section 3E1.1 of the United States Sentencing Guidelines, or (f) the Government's ability to argue for and submit evidence supporting an upward variance.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Parmar and this Office and supersedes any previous agreements between them. No additional

- 8 -

promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    VINAY S. LIMBACHIA
GEORGE M. BARCHINI
KELLY M. LYONS
Assistant U.S. Attorneys

APPROVED:

Lauren Repole
Deputy Chief, Criminal Division

- 9 -

I have received this letter from my attorneys, Andrew D. Goldstein, Esq. and John H. Hemann, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:  5/6/25
Parmjit Parmar


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:  5/6/25
Andrew D. Goldstein, Esq.
John H. Hemann, Esq.
Counsel for Defendant

Plea Agreement With Parmjit Parmar

Schedule A

1.    This Office and Parmjit Parmar ("Parmar") agree to stipulate to the following facts:

(a)    From in or around May 2015 through on or about September 2017, in the District of New Jersey and elsewhere, Parmar knowingly and willfully combined, conspired, confederated, and agreed with others to use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or persons, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

2.    If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

## Attachment 1

i.    The real property known as 50 Riverside Boulevard, Unit 21b, New York, New York;

ii.    The real property known as 40 Broad Street, Unit 20FG, New York, New York;

iii.    The contents of TD Bank Account number ▮▮▮▮3616, held in the name of Sunshine Star LLC;

iv.    The contents of TD Bank Account number ▮▮▮▮3418, held in the name of Aquila Alpha;

v.    The contents of Wells Fargo Account number ▮▮▮▮7693, held in the name of Sequoia Training and Nutrition;

vi.    The contents of Wells Fargo Account number ▮▮▮▮4994, held in the name of Aquila Alpha LLC.