UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :
                                                                Hon. Madeline Cox Arleo
                              v.                     :
                                                                Crim. No. 18-735 (MCA)
PARMJIT PARMAR,                        :

                    Defendant.              :          PRELIMINARY ORDER OF
                                                                FORFEITURE AS TO SPECIFIC
                                                                PROPERTY (FINAL AS TO THE
                                                  :          DEFENDANT)


WHEREAS, on or about May 7, 2025, defendant Parmjit Parmar (the "Defendant") pleaded guilty pursuant to a plea agreement with the United States to Count One of the Indictment, which charged him with conspiring to commit securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. §§ 240.10b-5, in violation of 18 U.S.C. § 371; and

WHEREAS, the Indictment contained notice of the Government's intent to seek forfeiture of the proceeds of fraud offenses charged in the Indictment as part of the Defendant's sentence;

WHEREAS, as a result of the Defendant's conviction for conspiracy to commit securities fraud, the Court is required to sentence the Defendant to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Defendant has consented to the forfeiture of the assets listed in paragraphs 1 through 6 of the attached Schedule A as property which constitutes

or is derived from proceeds traceable the Defendant's securities fraud conspiracy and are therefore subject to forfeiture;

WHEREAS, the Court finds, based on the record, by a preponderance of the evidence that the assets listed in paragraphs 7 and 8 of the attached Schedule A also constitute or are derived from proceeds traceable to the Defendant's securities fraud conspiracy; and

WHEREAS, all of the Defendant's right, title, and interest in the specific properties listed in the attached Schedule A (the "Subject Assets") are forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to the Defendant's securities fraud conspiracy,

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

### *Forfeited Subject Assets*

1. As a further result of the Defendant's conviction of the securities fraud conspiracy charged in Count One of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the Defendant's right, title, and interest in the Subject Assets is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent, or designee shall maintain or take possession of the Subject Assets and hold such property in its secure custody and control.

3.     Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

4.     Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. §§ 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Assets, any additional facts supporting the petitioner's claim, and the relief sought.

5.     Any person, other than the Defendant, claiming an interest in the Subject Assets must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of

Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

6.    Upon adjudication of all third-party interests, and after the Defendant is sentenced and the Judgment is entered on the docket, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

### ***Other Provisions***

7.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the Defendant, shall be made a part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8.    This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this _____ day of October, 2025.

_____
HON. MADELINE COX ARLEO
United States District Judge

## **Schedule A**

1)      The real property known as 50 Riverside Boulevard, Unit 21b, New York, New York;

2)      The real property known as 40 Broad Street, Unit 20FG, New York, New York;

3)      The contents of TD Bank Account number 4347963616, held in the name of Sunshine Star LLC;

4)      The contents of TD Bank Account number 4347963418, held in the name of Aquila Alpha;

5)      The contents of Wells Fargo Account number 6616837693, held in the name of Sequoia Training and Nutrition;

6)      The contents of Wells Fargo Account number 1636184994, held in the name of Aquila Alpha LLC;

7)      The contents of TD Bank Account number 4346588861, held in the name of First Connect Center Investors Funds LP; and

8)      The contents of Bank of America Account number 381047817218, held in the name of First Connect Center Investors Funds LP.