

Andrew Goldstein
T: +1 202 842 7805
AGoldstein@cooley.com

John Hemann
T: 1 415 693 2038
JHemann@cooley.com

January 6, 2026

The Honorable Madeline Cox Arleo
United States District Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:     *United States v. Parmar* (18-cr-735)

Dear Judge Arleo,

In connection with the above-captioned matter, we respectfully request that the Court enter an order modifying Mr. Parmar's conditions of release from home incarceration to stand-alone monitoring, in light of Mr. Parmar's continued compliance with the terms of his conditions of release while on home incarceration.

This request is supported by Pretrial Services. In December 2025, Mr. Parmar submitted a request to Pretrial Services, seeking a modification of his bail conditions so that he could spend the holidays with his family members. *See* Ex. 1. Pretrial Services responded by suggesting that Mr. Parmar's conditions of release be further modified to replace home incarceration with electronic monitoring, subject to general geographic limitations – the conditions Mr. Parmar was subject to prior to August 2024. *See* Ex. 2. In suggesting this modification, Pretrial Services noted that "Mr. Parmar has remained compliant while on home incarceration, entered a plea and is pending sentencing." *Id.*

The government objected to this arrangement without explanation and instead provided only limited consent to Mr. Parmar's traveling "for the holidays (meaning prior to January 2) to any of the addresses in [counsel for Mr. Parmar's] email." *Id.* The government further confirmed that, consistent with the terms of home incarceration, "Mr. Parmar must, as is typical, request to travel more than 24 hours in advance and the Government will not consent to him staying overnight." *Id.* The government added that it would not consent to any travel "outside of the holiday season." *Id.*

The government's objection is an unwarranted deviation from its prior deference to Pretrial Services, and Pretrial's expertise in assessing flight, danger, and overall compliance.

Mr. Parmar agrees with Pretrial Services that his conditions of release should be modified. Mr. Parmar has been fully compliant with the terms of his release since at least the time that the undersigned counsel was retained; there have been no violations, and Mr. Parmar has scrupulously communicated with Pretrial Services. Moreover, there is simply no evidence at this juncture that Mr. Parmar is a risk of flight or a danger to the community of any sort. He has travelled, with the Court's permission, to office visits with his attorneys in Newark and New York City. He attended bankruptcy court proceedings on Long Island. All without incident. It is fair to conclude, we respectfully submit, that Mr. Parmar's prior issues are primarily attributable to communications problems, the conduct of prior counsel, and Mr. Parmar's clumsy attempts to represent himself. The system, working as it should for the past year, has resulted in zero problems with Mr. Parmar's conduct or attendance at court proceedings.



Page Two

Mr. Parmar's conduct further confirms the soundness of Pretrial Services' recommendation.  He has demonstrated restraint, maturity, and respect for the Court's authority, engaging only in essential and approved movement and frequently declining even permitted travel when unnecessary.  During the holiday period, although authorized to visit family on multiple occasions, he exercised that permission only once.  He continues to communicate diligently with counsel and Pretrial Services regarding his movements, including transit to and from attorney meetings.  Stand-alone electronic monitoring would continue to provide Pretrial Services with full visibility into Mr. Parmar's whereabouts through GPS tracking, while eliminating an unnecessarily restrictive condition that is no longer justified by his conduct, his risk profile, or the procedural posture of this case.

The government has not pointed to any evidence and cannot articulate any evidence-based concern that Mr. Parmar poses even the slightest cognizable risk or danger if he is on electronic monitoring and is limited to travel within the District of New Jersey and the Southern and Eastern Districts of New York.   Mr. Parmar pled guilty and is fully participating in the judicial process without deceit or guile.  His interest, at this juncture, is to demonstrate to the Court (which he has) that he is trustworthy and deserving of the Court's confidence.  There is no reason to believe, at this juncture, that Mr. Parmar will be anything other than a law-abiding participant in the judicial process.

Accordingly, we ask that Mr. Parmar's conditions of release be modified to lift the home detention condition, and revert back to continued electronic monitoring with his travel restricted to the District of New Jersey, the Eastern District of New York, and the Southern District of New York.

A proposed order is attached hereto for the Court's consideration. Please do not hesitate to contact us if you require additional information to assess this request.

Sincerely,

*/s/ Andrew Goldstein*
Andrew Goldstein

*/s/ John Hemann*
John Hemann