

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                    *973-645-2700*
*Newark, New Jersey 07102*

February 4, 2026

**VIA ECF**

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:     *United States v. Parmjit Parmar*
>           Crim. No. 18-735 (MCA)

Dear Judge Arleo:

The Government respectfully writes in response to the Court's text Order, s*ee* ECF No. 331, requesting that the Government respond to two recent submissions by defendant Parmjit Parmar, a/k/a "Paul Parmar." *See also* ECF No. 327; ECF No. 328. In particular, on January 26, 2026, just over one week before his now-multiple-times-adjourned sentencing hearing, Parmar submitted a brazen sentencing submission that, suffice to say here,[1] accused others of misconduct, minimized his own culpability, and requested relief that would further delay sentencing. *See* ECF No. 336. On that same date, Parmar filed a motion to disqualify the United States Attorney's Office for the District of New Jersey and to stay sentencing, in light of a pending challenge to the current leadership of the United States Attorney's Office in *United States v. Naviwala*, 24-cr-00099 (D.N.J.) (the "Motion"). *See* ECF No. 327.

In response to the Motion, we say this: enough. After years of lies, obfuscation, and manipulation, enough. Parmar has been adjudged guilty for his crime, and this criminal case is no longer a playground for Parmar's tricks. The eleventh-hour Motion is late, it is wrong, and it is within the Court's discretion to deny. *See, e.g., United States v. Lisa Ferraro*, Crim. No. 24-642, ECF Nos. 33-34 (SDW) (proceeding with

_____

[1] The Government will respond to Parmar's sentencing submission by separate letter not filed publicly on the docket.

Hon. Madeline Cox Arleo
February 4, 2026
Page 2

sentencing hearing despite defendant's belated attempt to delay sentencing on authority grounds). The sentencing hearing has now been adjourned to April 7, 2026, and sentencing should proceed on that date without further delay.

As Your Honor is aware, Parmar pled guilty on May 7, 2025—a date on which Parmar does not dispute the U.S. Attorney's appointment was valid—to a charging instrument and a plea agreement signed by U.S. Attorneys whose appointments Parmar does not dispute were valid at that time. ECF No. 296. On that date, the Court scheduled Parmar's sentencing hearing for October 7, 2025. *Id*. Sentencing has since been delayed four times specifically as a result of requests for adjournments by the Defendant. *See* ECF No. 310; ECF No. 315; ECF No. 323; ECF No. 331. Now, more than one month after the litigation related to *Naviwala* was transferred to Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, Parmar seizes a convenient off-ramp to avoid an inevitable judgment. *See* Crim. No. 24-00099, ECF No. 270.

Let us be clear: neither Mr. Giordano, Ms. Habba, Mr. Lamparello, Mr. Fontecchio, nor Ms. Fox have supervised, worked on, or otherwise substantively been involved in, the prosecution of the Defendant over the nearly eight years and three presidential administrations since the Defendant was first charged in this case. The only matter left to be decided is the appropriate sentence, and the Government submits that the Court, already armed with the Presentence Investigation Report and recommendation of Probation, as well as the sentencing submissions from the parties, is well-equipped to make its determination. The Government's position is that no waiver of the authority issue is required. Though it may be taking on some litigation risk, the Government accepts that risk and asks that sentencing proceed for the sake of finality.

Hon. Madeline Cox Arleo
February 4, 2026
Page 3

## **Conclusion**

The Defendant's Motion appears to be an attempt to delay the potential incarceratory and financial consequences of his conduct. Indeed, Parmar's requested remedy is to "disqualify the United States Attorney's Office from prosecuting the case and stay Mr. Parmar's proceedings *until such time that the Government is authorized to proceed.*" Motion at 14 (emphasis added). Parmar has kicked, and kicked, and kicked the can. No more. The Government asks that the Court allow the sentencing hearing to proceed as scheduled on April 7, 2026.

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

*/s/ George M. Barchini*
By: Kelly M. Lyons
George M. Barchini
Assistant U.S. Attorneys

cc:    John Hemann, Esq., Counsel to Defendant
Andrew Goldstein, Esq., Counsel to Defendant
Daniel Carney, U.S. Probation Officer