**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

v.

PARMJIT PARMAR,
      a/k/a "Paul Parmar"

Hon. Madeline Cox Arleo

Criminal No. 18-735

## MOTION TO VACATE

### INTRODUCTION

On April 1, 2026, eight days after lifting a stay as to the proceedings against Mr. Parmar that had been in place since December 2025, the Court issued a Preliminary Order of Forfeiture as to eight properties identified by the Government in its October 2025 Motion for a Preliminary Order of Forfeiture. Mr. Parmar submitted a letter motion on April 2, 2026, requesting the order be vacated as to two of the properties at issue. On April 3, 2026, the Court directed Mr. Parmar to file a formal motion to vacate. For the reasons set forth herein, we respectfully request that the Court vacate the Preliminary Order of Forfeiture as to two of the properties listed therein: the contents of TD Bank account number -8861 and the contents of Bank of America account number -7218 (collectively, the "First Connect Accounts").

### ARGUMENT

The Court has the inherent power to vacate and reissue a preliminary order of forfeiture. *See United States v. Croce*, 355 F. Supp. 2d 774, 777 (E.D. Pa. 2005). Here, the Court may – and should – exercise its inherent power to vacate the Preliminary Order of Forfeiture entered as to the contents of the First Connect Accounts, ECF No. 339, because neither are traceable to the offense to which Mr. Parmar pled guilty and thus are not subject to forfeiture.

*First*, as set forth in Mr. Parmar's letter motion filed on April 2, 2026, counsel for Mr. Parmar was not obligated to respond to the Government's October 6, 2025 Motion for Preliminary Order of Forfeiture, ECF No. 314 (the "Motion"), until at least March 24, 2026. *See* ECF No. 341 at 1. The Government's Motion was signed by Alina Habba as "Acting United States Attorney" and "Special Attorney," as well as U.S. Deputy Attorney General Todd Blanche, *see id.* at 14, after the expiration of Habba's term as Interim United States Attorney on July 22, 2025. From the filing of the Motion on October 6, 2025 until the appointment of Robert Frazier as the United States Attorney for the District of New Jersey on March 23, 2026, the U.S. Attorney's Office for the District of New Jersey (the "Office") was without a legally appointed U.S. Attorney and was thus disqualified from proceeding in this matter. *See United States v. Giraud*, 160 F.4th 390, 407 (3d Cir. 2025*)*. Mr. Parmar was not obligated to respond to the Government's Motion during this period.

Only the Government's second request for an order of forfeiture, a letter motion filed one day after Attorney Frazier's appointment, on March 24, 2026, was submitted by a legally appointed U.S. Attorney for the District of New Jersey. *See* ECF No. 338. In that letter, the Government claims that "[t]he Government's Forfeiture Motion was filed more than five months ago, and Parmar has not opposed the motion, suggested revisions or modifications ... nor raised any issues with the comprehensive tracing analysis contained in the Government's motion[.]" ECF No. 338 at 1. While defense counsel was preparing its response to the Government's letter, on April 1, 2026, the Court entered a Preliminary Order of Forfeiture. ECF No. 339.

As set forth above, and as the Government's March 24 letter omits, during the entirety of this five-month period between the Government's October 6 filing and its March 24 filing, the Office was without a validly appointed U.S. Attorney and was therefore unable to appear on behalf

of the Government in this matter.  These proceedings were stayed for three of those five months as a result of that issue, following the Third Circuit's December 1, 2025 ruling in *Giraud*.  And Mr. Parmar has repeatedly expressed his view that the First Connect Accounts were not properly subject to forfeiture, *see* Parmar PSR Objs. at 3 ("With respect to the contents of the TD Bank Account 8861, held in the name of First Connect Center Investors Fund LP, and the contents of Bank of America Account number 7218, Mr. Parmar disputes that these properties are properly subject to forfeiture")—a fact that the Government itself recognizes later in its March 24 letter, *see* ECF No. 314 at 3 (noting that Mr. Parmar "reserved the right to contest the forfeitability of" the First Connect Accounts).

*Second*,  as previewed in Mr. Parmar's April 2, 2026 letter and in his objections to the Pre-Sentencing Report, the Government cannot establish the requisite nexus between the First Connect Accounts and the conspiracy charged in Count One of the Indictment, the only count to which Mr. Parmar pled guilty.  To establish that property is subject to forfeiture, the Government must prove by the preponderance of the evidence that the property to be forfeited "has *some* nexus to the property 'involved in'" the offense conduct.  *United States v. Voigt*, 89 F.3d 1050, 1087 (3d Cir. 1996).  Mr. Parmar pled guilty to one count of conspiracy to commit securities fraud in connection with a transaction that closed on January 30, 2017 (the "Go-Private").  The Government alleges: (1) with respect to the $4,999,998.00 seized from the First Connect Account at TD Bank that "it is more likely than not that the vast majority of the funds seized ... are traceable to the proceeds of the fraudulently induced secondary offerings,"  Mot. ¶ 112; and (2) with respect to the $100,000 seized from the First Connect Account at Bank of America, "First Connect BOA Acct 7218 was funded by the proceeds of the fraudulently induced secondary offerings," *id.* ¶ 114.

This theory is fundamentally flawed. The so-called "fraudulently induced secondary offerings," as described by the Government in its Motion, took place "[b]etween in or around *May 2015 and February 2016*"—that is, *nearly a year before* the Go-Private. *Id.* ¶ 24. The Government does not allege that these funds were proceeds of the Go-Private, and therefore they are not traceable to the offense to which Mr. Parmar pled guilty. Even if the secondary offerings were relevant, however, the Government does not – and cannot – trace the funds in the First Connect Accounts to these transactions. The Government's tracing analysis indicates that the funds deposited in the First Connect Accounts originated in an account held at M&T Bank by an entity named Ranga Bhoomi. Mot. Ex. A. But evidence produced by the Government indicates that *at least $4.3 million of the funds* that it claims were deposited into the Ranga Bhoomi account *came from a third party, Anil Sharma*—not from the secondary offerings described by the Government. Specifically, the Government has produced bank records from a TD Bank account held in Mr. Sharma's name that reflect that Mr. Sharma deposited $300,000 into this account in June 2016 (TDB-0000005834), followed by $4,036,060.23 in December 2016 (TDB-0000005834). The Government does not explain how these funds are traceable to the secondary offerings, let alone the Go-Private in connection with which Mr. Parmar pled guilty to conspiracy to commit securities fraud. Thus, the Government has failed to establish by a preponderance of the evidence that the assets seized from the First Connect Accounts are traceable to the offense to which Mr. Parmar pled guilty.

## CONCLUSION

For these reasons, Mr. Parmar respectfully requests that the Preliminary Order of Forfeiture be vacated as to the First Connect Accounts.

4

Dated:  April 27, 2026    Respectfully submitted,

By:  */s/ Andrew D. Goldstein*
   Andrew D. Goldstein
   COOLEY LLP
   55 Hudson Yards
   New York, NY 10001-2157
   Telephone: (212) 479-6879
   Facsimile: (212) 479-6275
   agoldstein@cooley.com

   John H. Hemann
   COOLEY LLP
   3 Embarcadero Center, 20th Floor
   San Francisco, CA 94111-4004
   Telephone: (415) 693-2000
   Facsimile: (415) 693-2222
   jhemann@cooley.com

   *Counsel for Parmjit Parmar*