

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*George M. Barchini*
*Kelly M. Lyons*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: 973-645-2903*

April 30, 2026

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *United States v. Parmjit Parmar*
               Crim. No. 18-735 (MCA)

Dear Judge Arleo:

The United States submits this letter response in opposition to Defendant Parmjit Parmar's motion to vacate the Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) entered by Your Honor on April 1, 2026 (the "Order"). *See* ECF No. 339; ECF No. 345.

We understand that the Court is familiar with the procedural history regarding this issue. Parmar pled guilty on May 7, 2025. ECF No. 296. The Government sought for months to obtain Parmar's position regarding forfeiture to avoid unnecessary motion practice and streamline matters for sentencing. Unsuccessful, the Government filed a Motion for a Preliminary Order of Forfeiture as to Specific Property on October 6, 2025 (the "Forfeiture Motion"). ECF No. 314. For nearly six months, Parmar remained silent. He did not oppose the Forfeiture Motion, suggest modifications to the proposed Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant), or raise any issues with the Government's tracing analysis. On March 24, 2026, the Government requested that the Court enter the proposed Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant). ECF No. 338. The Court did so on April 1, 2026. ECF No. 339. Only then, on April 2, 2026, did Parmar voice an objection. ECF No. 341.

On April 3, 2026, the Court adjourned the sentencing hearing from April 7, 2026 to May 5, 2026, and ordered Parmar to file a motion to vacate the Court's Order if he wished to press the issue. ECF No. 342. Again, silence followed. On April 27, 2026, the Government filed a letter urging that any belated motion to vacate was

1

untimely and should be denied.  ECF No. 344.  Nearly seven months after the Government's Forfeiture Motion, three weeks after the Court graciously gave Parmar an opportunity to move to vacate the Court's Order, and only eight days before Parmar's multiple-times adjourned sentencing hearing, Parmar filed a four-page, double-spaced "motion to vacate."  ECF No. 345.

In his motion, Parmar spends one-and-a-half of the four pages citing authority grounds as purported justification for his failure to respond to the Government's Forfeiture Motion. This argument should be rejected because it is contradicted by Parmar's own conduct.  Indeed, authority grounds did not stop Parmar from submitting a sentencing submission on January 26, 2026, or *unilaterally replying* on February 11, 2026 to the Government's sentencing submission, which contained a signature block for United States Deputy Attorney General Todd Blanche and Senior Counsel Philip Lamparello.  *See* ECF No. 328; ECF No. 324; ECF No. 333.  And critically, Parmar did not even reference forfeiture in either of those submissions, despite raising numerous other issues and objections with respect to sentencing. Moreover, the Government's March 24, 2026 letter—filed over one month before Parmar's motion to vacate—requested that the Court enter the proposed Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) "for the reasons set forth in the Forfeiture Motion," and it contained the signature block of United States Attorney Robert Frazer, whose authority was not then disputed.  *See* ECF No. 388, at 2.  Parmar's decision not to address forfeiture until now was a strategic choice. His eleventh-hour attempt to vacate the Order entered by Your Honor should be denied as untimely.

But Your Honor should also deny Parmar's motion on substantive grounds. Because in those two, double-spaced paragraphs in which Parmar objects to the forfeiture on the merits, he argues nothing of merit.  Parmar claims broadly that the Government has failed to meet its burden of proving by a preponderance of evidence that (1) the contents of TD Bank Account number 4346588861, held in the name of First Connect Center Investors Fund LP ("First Connect TD Bank Acct 8861"); and (2) the contents of Bank of America Account number 381047817218, held in the name of First Connect Center Investors Fund LP ("BoA Account 7218") are traceable to the offense.  ECF No. 345, at 3-4.  This flatly ignores the extensive legal, factual, and tracing analysis provided in the Government's Forfeiture Motion and an accompanying 48-page affidavit.  *See*, *e.g.*, ECF No. 314, at 11-13; ECF No. 314-1. Given the extensive analysis the Government provided in its Forfeiture Motion, and the utter lack of substantive argument offered by Parmar in opposition,[1] we

---

[1] We note also that in his April 2, 2026 letter, Parmar stated that he "will be able to establish that the funds in the First Connect account are property of Anil Sharma, a family friend." *See* ECF No. 341, at 3.  Parmar has yet to offer any facts beyond these vague, conclusory statements.  Moreover, in a prior discussion with the Government, defense counsel noted that Anil Sharma was an Indian politician.  It is peculiar, then, that mailing address on the account opening documents and

incorporate and reassert herein those papers.  Accordingly, Parmar's motion to vacate the Court's Order should be denied.

We thank Your Honor for your consideration.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*/s/ George M. Barchini*
By: George M. Barchini
Kelly M. Lyons
Assistant U.S. Attorney


cc:    John Hemann, Esq., Counsel for Defendant
       Andrew Goldstein, Esq., Counsel for Defendant
       Daniel Carney, U.S. Probation Officer

---

statements for the First Connect TD Bank Acct 8861 list the name "Anil Sharma," but Parmar's home address in New Jersey.

3