*United States v. Parmar, No. 2:18-cr-00735-MCA*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**PARMJIT PARMAR,** a/k/a "Paul Parmar,"<br><br>*Defendant.* | **Criminal No. 2:18-cr-00735-MCA-1**<br><br>Hon. Madeline Cox Arleo<br><br>United States District Judge |

**DEFENDANT PAUL PARMAR'S MOTION FOR
ENTRY OF AN ORDER EXTENDING HIS DATE OF
VOLUNTARY SURRENDER BY SIXTY DAYS**

In connection with the above-captioned matter, Defendant Paul Parmar respectfully requests that the Court enter an order extending his voluntary surrender date by sixty (60) days, until August 3, 2026, with every other condition of release remaining in full force and effect. This is a narrow, one-time administrative request. It does not seek to revisit the sentence, does not stay or alter the judgment, and does not modify any condition of release. Nor is this a motion for release pending appeal under 18 U.S.C. § 3143(b), which will be addressed separately if filed. It asks only that Mr. Parmar be permitted a reasonable and finite opportunity to complete medical intake preparation and to finalize family and personal affairs before reporting to the institution designated by the Bureau of Prisons. The extension would preserve the supervised status quo exactly as it exists today.

The Court entered judgment on May 6, 2026 following Mr. Parmar's guilty plea to one count of conspiracy to commit securities fraud under 18 U.S.C. § 371. On May 19, 2026, Mr. Parmar timely filed his notice of appeal to the United States Court of Appeals for the Third Circuit.

1

*United States v. Parmar, No. 2:18-cr-00735-MCA*

The Bureau of Prisons has directed Mr. Parmar to surrender on June 4, 2026, less than thirty (30) days after entry of judgment.

Counsel conferred with Assistant United States Attorney Kelly M. Lyons on May 21, 2026 regarding the requested extension. The Government opposes the request. The Government has not identified any specific prejudice, violation, risk of nonappearance, danger, or administrative harm that would result from a one-time sixty-day extension with all existing conditions of release remaining in place.

Pretrial Services was also contacted regarding the requested extension. Pretrial Services has advised that it takes no position and has not reported any compliance issue that would make the requested extension inappropriate.

Put simply, this Motion seeks only a single, defined postponement of the voluntary surrender date, consistent with the Court's authority to manage the orderly execution of its judgment, so that the personal and medical-intake-preparation tasks that voluntary surrender is intended to permit may be completed in an orderly way before Mr. Parmar reports.

The defense recognizes that this case has involved prior adjournment requests during the pre-sentencing period. This application is materially different. It does not seek to delay any hearing, reopen sentencing, or relitigate the Guidelines. It does not seek to avoid execution of the judgment. It seeks one defined administrative enlargement of the voluntary surrender date so that medical intake preparation and other limited administrative tasks may be completed in an orderly manner before Mr. Parmar reports.

Mr. Parmar's compliance record is part of this Court's own file. In January 2026, on the recommendation of Pretrial Services, the Court modified Mr. Parmar's conditions from home incarceration to stand-alone electronic monitoring in recognition of his sustained compliance.

2

Pretrial Services observed at that time that Mr. Parmar had "remained compliant while on home incarceration, entered a plea, and is pending sentencing." The same record that supported the Court's January modification now supports preserving the existing structure for sixty (60) additional days. Mr. Parmar attended sentencing, submitted to the Court's judgment, and remains at his approved residence subject to monitoring. If this extension is granted, every condition of release will remain in place, and the same supervision structure that has worked to date would remain fully intact. Mr. Parmar will continue compliance with electronic monitoring and continue communication with Pretrial Services as directed.

The Government opposes the request but has identified no concrete prejudice from a sixty-day extension, and we respectfully submit that none exists. The Government will be in precisely the same legal position on August 3, 2026 that it is in today: the judgment will remain in effect, the sentence will remain unchanged, all restitution and forfeiture issues will remain unaffected, and the Government will remain free to oppose any subsequent motion for release pending appeal or other post-judgment relief. The only practical effect of the requested extension is to preserve the current supervised status quo for sixty (60) days so that surrender and Bureau of Prisons intake preparation can proceed in an orderly manner, and so that the parties and the Court may avoid unnecessary emergency motion practice. In practical terms, the supervision system has worked as intended. Mr. Parmar has remained supervised, accessible, compliant, and present. A sixty-day administrative extension would preserve that structure exactly as it exists today. It would not relax monitoring, enlarge travel permissions, or reduce oversight. If the Court believes any additional reporting condition would assist during the extension period, Mr. Parmar will comply with whatever further requirements the Court directs.

*United States v. Parmar, No. 2:18-cr-00735-MCA*

Mr. Parmar does not seek to disturb the Bureau of Prisons' designation; he seeks only a short enlargement of the date on which he must report to that designation. If the Court grants the extension, Mr. Parmar will promptly provide Pretrial Services and counsel for the Government with updated contact information, appointment dates as appropriate, and any reporting information the Court directs.

The grounds for the requested sixty days are concrete and finite. Mr. Parmar is mid-course in scheduled medical evaluations, including ███████████████████████████████████ ████████████████████████████████████████████████. This is not a claim that Mr. Parmar is medically unable to surrender. It is a narrower administrative point: completion of already scheduled testing and the compilation of the corresponding records will assist the Bureau of Prisons with intake, classification, and continuity-of-care decisions at the designated facility. This request is not based on any criticism of the Bureau of Prisons or its medical staff. The purpose is to allow Mr. Parmar to report with current records, completed testing where possible, and a clear continuity-of-care plan that will assist the Bureau at intake. The medical details, supporting providers, and scheduling are set forth in Mr. Parmar's accompanying declaration. Counsel is prepared to submit under seal, or to provide for in camera review, appointment confirmations, physician orders, and relevant medical records supporting the scheduled evaluations described in Mr. Parmar's declaration.

Mr. Parmar is also finalizing essential estate and legal-authority instruments, including a revised will, a durable financial power of attorney, a healthcare power of attorney, and an advance directive, the absence of which would create practical decision-making problems for family members and third parties during his incarceration. Mr. Parmar's elderly father resides with him and depends on him for aspects of daily living, and alternative-care arrangements and

4

*United States v. Parmar, No. 2:18-cr-00735-MCA*

authorizations, including for household animals that cannot remain unattended, require finite time to put in place. The orderly transition of records and obligations, including the closure of a New York City apartment and the secure preservation of legal, medical, financial, and tax records, also requires time that the current surrender date does not afford.

The requested sixty (60) days is calibrated to the concrete tasks identified in Mr. Parmar's declaration. It is not an open-ended request. Mr. Parmar believes that sixty (60) days is sufficient to complete the principal medical, family, and administrative tasks described, and he has committed that August 3, 2026 will be the final voluntary surrender date for purposes of this administrative request.

Mr. Parmar respectfully commits that this is a one-time administrative extension request. Whether or not every scheduled task is completed within the sixty (60) day window, Mr. Parmar will surrender on August 3, 2026 as ordered, and will not seek any further administrative extension of the voluntary surrender date based on the grounds identified in this Motion. Mr. Parmar accepts August 3, 2026 as the final voluntary surrender date for purposes of this administrative request.

Accordingly, Mr. Parmar respectfully requests that the Court enter the proposed order extending Mr. Parmar's voluntary surrender date by sixty (60) days, until August 3, 2026, with all other conditions of release remaining in full force and effect. Mr. Parmar seeks this as a one-time administrative extension and is not asking the Court through this motion to suspend or alter the sentence imposed. A proposed order is attached hereto for the Court's consideration.

*United States v. Parmar, No. 2:18-cr-00735-MCA*

Respectfully submitted,

/s/ *Timothy P. Neumann, Esq.*

Timothy P. Neumann, Esq.
NJ Bar No. 005081973
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Cell: (732) 581-7142
Email: timothy.neumann25@gmail.com


*Co-counsel for Defendant Paul Parmar*


Date: May 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the foregoing Defendant's Motion to Extend His Voluntary Surrender Date to be served on all counsel of record registered as ECF Filing Users in this matter, including counsel for the United States, via ECF.

Dated: May 22, 2026

*/s/ Timothy P. Neumann*
Timothy P. Neumann