**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

No. 26-2218

_____

UNITED STATES OF AMERICA,

Appellee,

v.

PARMJIT PARMAR,
a/k/a "Paul Parmar,"

Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
D.N.J. Crim. No. 2:18-cr-00735-MCA-1
Honorable Madeline Cox Arleo, U.S.D.J.

_____

**CERTIFICATION OF TIMOTHY P. NEUMANN, ESQ.
IN SUPPORT OF EMERGENCY MOTION TO SET AUGUST 3, 2026
AS THE VOLUNTARY SURRENDER DATE AND FOR
<u>TEMPORARY STAY PENDING REVIEW</u>**

I, Timothy P. Neumann, of full age, hereby certify as follows:

1.     I am an attorney at law of the State of New Jersey and a member of the bar of this Court, and I am co-counsel with Cooley, LLP, for Appellant Parmjit Parmar, also known as Paul Parmar, in this matter.

2.     I submit this certification in support of Appellant's Emergency Motion to Set August 3, 2026 as the Voluntary Surrender Date and for Temporary Stay Pending Review.

3.      I have personal knowledge of the facts stated in this certification, and if called as a witness I could and would testify competently to them.

4.      The exhibits appended as to this certification are are designated CE-1 through CE-10.

5.      On May 5, 2026, the District Court sentenced Appellant following his guilty plea to one count of conspiracy to commit securities fraud under 18 U.S.C. § 371. The District Court entered judgment on May 6, 2026. [D.N.J. ECF No. 349.] A copy of the judgment is annexed hereto as CE-1.

6.      Appellant timely filed a notice of appeal on May 18, 2026. [D.N.J. ECF No. 352.] A copy of the Notice of Appeal is annexed hereto as CE-2.

7.      I am advised that On May 19, 2026 at 9:53 a.m., United States Pretrial Services Officer Lura Jenkins emailed Appellant Paul Parmar at his personal email address advising that the Federal Bureau of Prisons had designated Fort Dix SCP located at 5756 Hartford & Pointville Road, Joint Base MDL, New Jersey 08640 as the facility for Appellant's service of sentence, and directing voluntary surrender to that institution by 12:00 noon on Thursday, June 4, 2026. On May 29, 2026, the same day this emergency motion is filed, my co-counsel's office received the official paper letter from the United States Probation Office for the District of New Jersey, signed by Marybeth Wohl, Administrative Assistant, dated May 18, 2026, transmitting the Bureau of Prisons designation notice on the same terms. A true

and correct copy of the official May 18, 2026 Probation Office letter received at counsel's office on May 29, 2026, is annexed collectively as CE-3.

8.     On May 22, 2026, I filed in the District Court, on Appellant's behalf, a motion to extend his voluntary surrender date from June 4, 2026 to August 3, 2026 (D.N.J. ECF No. 357, the "Extension Motion"). Portions of the Extension Motion describe medical procedures and examinations and were redacted. Unredacted copies were sent to the Government and chambers. A true and correct copy of the Extension Motion with all supporting documents is annexed as CE-4.

9.     In support of that motion, Mr. Parmar submitted a sworn declaration. A true and correct copy of Mr. Parmar's declaration is annexed separately as CE-5.

10.     I served the Extension Motion on the Government at the time of filing via ECF and on May 22, 2026, I sent an email to the Assistant United States Attorney and to the District Court's chambers, attaching the medical exhibits and unredacted copies of the submissions. Via email, Amy Anderson, the Senior Courtroom Deputy for the Hon. Madeline Cox Arleo U.S.D.J. then inquired whether the Government had a position on the request. The Government's response, sent by email, stated only that it opposed the request. A true and correct copy of the email correspondence is annexed as CE-6.

11.     The Government never filed any opposition papers in support of its email-opposition to the Extension Motion.

12. Pretrial Services took no position on the motion and identified no supervision concern, violation, or risk-based objection.

13. Neither the Government nor any other party filed any written opposition to the Extension Motion or submitted any evidentiary materials in response to it.

14. The District Court did not hold a hearing on the Extension Motion.

15. On May 26, 2026, the District Court entered an order titled "Order Granting Defendant's Motion to Extend Voluntary Surrender Date." (The "Extension Order," [D.N.J. ECF No. 358]). The Extension Order states that the Court considered the motion, the supporting declaration, and any response; that good cause appeared; and that the motion is granted. The entered order contains handwritten edits setting the operative surrender date as June 11, 2026 and adding the notation "No further adjournments." A true and correct copy of the order is annexed as CE-7.

16. I communicated with District Court chambers regarding the June 11, 2026 surrender date and was advised that the June 11, 2026 date was intentional and was not the product of a clerical or computational error.

17. A true and correct copy of the January 6, 2026 motion to modify conditions of release and its supporting correspondence [D.N.J. ECF 324] are annexed as CE-8

18.    A true and correct copy of the January 13, 2026 Order modifying Mr. Parmar's conditions of release [D.N.J. ECF 326] is annexed as CE-9.

*19.*    A true and correct copy of Appellant's medical appointment schedule that was submitted to the District Court is annexed as CE-10. ***[Filed under seal – motion to seal will be filed]***

20.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Timothy P. Neumann
Timothy P. Neumann, Esq.

Dated: May 29, 2026