## EXHIBIT U
### Supervision Chronology and Pretrial Services Contact Record

This Exhibit summarizes the defendant's supervision history from arrest through the present. It is prepared by counsel from the Pretrial Services record and the docket and is offered to document the compliance facts stated in Argument I of the Memorandum. The aggregate metrics below are approximate and are drawn from the supervision record; counsel will conform any figure to the certified Pretrial Services record on request.

### A. Aggregate Supervision Metrics

| Metric | Record (subject to Pretrial Services confirmation) |
|---|---|
| Total period under Court supervision | Approximately 8 years (since May 16, 2018) |
| GPS location monitoring | Substantial periods over the course of supervision |
| Strict home detention | Substantial periods over the course of supervision |
| Near-total confinement | Extended periods during the supervision term |
| Pretrial Services communications | Frequent and regular throughout supervision |
| Failures to appear | Zero |
| Revocation motions | Zero |
| Unauthorized international travel attempts | Zero |
| Device removals | Limited, Court-authorized, for medically necessary examinations, with reinstallation |

### B. Chronology

| Date | Event |
|---|---|
| Jan. 30, 2017 | Constellation Healthcare Technologies (CHT) going-private transaction (subject of the offense). |
| Early 2018 | Before any release condition existed, the defendant traveled internationally (UAE, India, Thailand), disclosed his itinerary to the Government in advance, asked whether he could travel and whether he would be arrested on return, and returned to the United States on schedule. |
| May 16, 2018 | Arrest. Released on conditions: GPS monitoring, passport surrender, residence and travel restrictions, and regular reporting to Pretrial Services. |
| 2018–2026 | Continuous supervision. Conditions calibrated over time, including periods of strict home detention and extended near-total confinement. Every required appearance met; no failure to appear; no revocation motion. |
| May 7, 2025 | Guilty plea to Count One (18 U.S.C. § 371). |
| May 5, 2026 | Sentencing. Court continued release at the conclusion of the hearing. |

| Date | Event |
|---|---|
| May 6, 2026 | Judgment entered (ECF No. 349). |
| May 26, 2026 | The Court extended the surrender date to June 11, 2026, ordering that all other conditions of release remain in full force and effect. Mr. Parmar has separately sought Third Circuit review of that surrender-date order. |

*The categories above are drawn from the supervision record and are stated in general terms pending confirmation against the certified Pretrial Services record. Counsel can supply the specific aggregate figures, including the approximate months of GPS monitoring, home detention, and near-total confinement, and the number of Pretrial Services communications, once those figures are confirmed from the Pretrial Services record. The periods overlap in part (for example, home-detention months fall within the broader GPS-monitoring period) and are not additive totals.*

*United States v. Parmar, Crim. No. 2:18-cr-00735-MCA-1*

## EXHIBIT V
### Sentencing-Outcome Scenario Analysis

This Exhibit illustrates the materiality of the principal loss issue for purposes of 18 U.S.C. § 3143(b)(1)(B). It maps the appellate outcomes addressed in Argument V of the Memorandum to their effect on the advisory Guidelines framework. The figures restate the offense-level arithmetic adopted at sentencing and the Court's own alternative observations from the sentencing transcript; they are offered to show materiality, not to predict the sentence on remand.

| Scenario | Offense Level / Range | § 3143(b)(1)(B) Significance |
|---|---|---|
| Adopted +26 loss enhancement (baseline) | Level 41 / 324–405 mos., capped at 60 | Sentence as imposed |
| Government failed to prove positive actual loss | Level 15 / 18–24 mos. | Clean qualifying path |
| Remand for Rule 32 findings or § 6A1.3 hearing | Loss calculation reopened | Procedural qualifying path |
| No proven positive-loss tier | Level 15 / 18–24 mos. | Clean qualifying path |
| Lower positive loss tier after proper offset | As recalculated | Sensitivity path; materiality only |
| Value received equals or exceeds price paid | Level 15 / 18–24 mos. | Clean qualifying path |
| Court's +10 alternative | Level 25 / 57–71 mos., capped at 60 | Not independent of challenged methodology |
| Court's +24 bankruptcy-recovery alternative | Level 24 / 262–373 mos., capped at 60 | Depends on the same disputed premise |

### Notes

1.  Baseline arithmetic. The adopted Total Offense Level of 41 reflects a base offense level of 6, a 26-level loss enhancement, 2 levels for sophisticated means, 2 levels for financial-institution gross receipts, 4 levels for the officer-or-director securities enhancement, 4 levels for an organizer-or-leader role, and a 3-level reduction for acceptance of responsibility.

2.  Clean qualifying paths. If the loss enhancement falls out, the Total Offense Level drops to 15 (base 6, plus the non-loss enhancements, less acceptance), producing an advisory range of 18 to 24 months, materially below the 324-to-405-month adopted range and below the 60-month sentence imposed.

3.  The Court's alternatives. The +10 and +24 figures restate the Court's own alternative observations at sentencing. Each depends on the same loss methodology challenged on appeal;

neither was accompanied by an independent same-sentence ruling. They are included for completeness and to show that the methodology shapes the framework across outcomes.

*The intermediate scenarios are sensitivity analysis; the clean qualifying paths do not depend on them.*

## EXHIBIT Y
### Valuation Evidence Roadmap

This Exhibit identifies the record evidence bearing on the value received in the January 30, 2017 going-private transaction, with the location of each item in the record. It is offered to show that the value-received issue was concrete and developed below, framing the substantial question presented in Argument IV. It is not a valuation opinion and does not ask the Court to revisit any factual finding. The record citations below are stated to the extent presently identified; counsel will conform each citation to the certified record on filing.

| Category | Record reference | Why it matters |
|---|---|---|
| **Post-closing market offer (GSS)** | GSS Infotech offer correspondence; see Defendant's Sentencing Submission (ECF No. 328) and accompanying exhibits [Bates / ECF to be conformed] | A committed third-party offer made after restated financials were known is direct evidence of post-closing market value. |
| **Bankruptcy estate recoveries** | Sentencing Tr. 12:14-23 (Court's recovery findings); bankruptcy distribution records [docket cite to be conformed] | Recoveries realized in the bankruptcy show value was received, bearing on actual loss at the proper date. |
| **Chapter 11 versus Chapter 7 election** | Bankruptcy docket, election by the controlling acquirer [docket cite to be conformed] | The election shows the asset was not treated as worthless and that the liquidation path, not the transaction, drove outcomes. |
| **Buyer-side pre-closing diligence** | Acquirer diligence materials produced in discovery [Bates range to be conformed] | Reflects the acquirer's independent knowledge of the company's condition before closing. |
| **Trustee-retained adviser materials** | Materials of advisers retained in the bankruptcy [exhibit / docket cite to be conformed] | Independent adviser work bears on enterprise value and recoveries. |
| **Operating-company status at closing** | Sentencing Submission (ECF No. 328) and record exhibits documenting operations, revenue, and employees [to be conformed] | Evidence that victims received an operating company at the transaction date, not a worthless asset. |

*Bracketed citations identify the categories of record support and the locations counsel will confirm against the certified record. The full preservation record for these items is catalogued in Exhibit Z.*

**EXHIBIT Z**
**Preservation Record Catalogue**

This Exhibit catalogues the filings and proceedings in which the loss, valuation, causation, and procedural issues now on appeal were litigated and preserved before judgment. It supports the preservation showing in Arguments IV and V of the Memorandum.

| Date | Filing / Event | Preserved issue |
| --- | --- | --- |
| Pre-sentencing | Defense and Government PSR objections | Loss methodology; offense-level computation; disputed offense conduct. |
| Pre-sentencing | Government Sentencing Memorandum | Government loss theory and Guidelines structure. |
| Jan. 26, 2026 | Defendant's Sentencing Submission (ECF No. 328) and Hemann Declaration | Value-received measure of loss; request for a hearing if loss evidence were presented. |
| Feb. 4, 2026 | Government Response (ECF No. 332) | Government position that valuation was not exculpatory. |
| Feb. 11, 2026 | Defendant's Reply (ECF No. 334) | Transaction-date value-received requirement; need for findings. |
| Apr. 2, 2026 | Letter Brief and sealed attachment (ECF No. 341) | Request for an evidentiary hearing; identification of witnesses and evidence. |
| Apr. 27, 2026 | Government Letter (ECF No. 344) | Government framing of the loss dispute as "a legal dispute, not a factual one." |
| May 4, 2026 | Defendant's Letter (ECF No. 347) | Transaction-date valuation; bankruptcy-proxy objection. |
| May 5, 2026 | Sentencing (Tr.) | Loss-tier findings; alternative +10 and +24 observations; Rule 32 dispute. |
| May 6, 2026 | Judgment (ECF No. 349) and Statement of Reasons (ECF No. 349-1) | Guidelines framework adopted; basis for sentence. |
| After judgment | Notice of Appeal (ECF No. 352) | Sentencing methodology, procedure, MVRA restitution, and § 3553(a) analysis. |
| May 29, 2026 | Third Circuit review sought from surrender-date order | Preserves the challenge to the June 11, 2026 surrender date and the request for an administrative stay. |

*Docket numbers are stated as referenced in the Memorandum; counsel will conform all citations to the certified docket in the as-filed version.*

### EXHIBIT AA
### Risk-to-Condition Mapping and Tier 2 Conditions

This Exhibit maps each category of risk relevant under 18 U.S.C. § 3143(b)(1)(A) to the specific proposed condition that addresses it, and sets out supplementary Tier 2 conditions the Court may impose in its discretion. The Tier 1 conditions are listed in Section VI of the Memorandum.

## A.  Risk-to-Condition Mapping

| Risk category | Addressed by |
| --- | --- |
| **Flight / non-appearance** | Continuous GPS monitoring; home confinement; District-only travel; passport and travel-document surrender; no-new-travel-document representation; third-party custodian; no airport, seaport, or border presence; 24-hour self-surrender on a Third Circuit denial. |
| **Economic danger** | No investor solicitation, fundraising, lending, or securities-related business; no new business entity; no officer, director, manager, member, partner, controlling-person, or signatory role; monthly financial disclosure; no transfer exceeding $5,000 without prior approval. |
| **Concealment of assets / records** | Monthly financial disclosure to Pretrial Services; records-preservation condition (Tier 2 below). |
| **Witness or victim contact** | No contact with victims, witnesses, lenders, CC Capital representatives, bankruptcy-estate representatives, or co-defendants, except through counsel or as otherwise authorized by the Court. |
| **Open-ended release** | Expedited briefing; no extensions absent a true medical emergency or order of the Court of Appeals; eighteen-month status review; immediate surrender on a District Court order terminating release. |

## B.  Supplementary Tier 2 Conditions

1. Records preservation. The defendant shall not delete, destroy, transfer, conceal, or materially alter any financial, business, electronic, or case-related record, except in the ordinary course and as authorized by counsel or Pretrial Services.

2. Financial-institution notice. The defendant shall notify Pretrial Services before opening any new financial account.

3. Employment and income reporting. The defendant shall report any new employment, consulting arrangement, or source of income to Pretrial Services.

4. Device and contact verification. The defendant shall make any monitored device available for inspection and shall maintain a working telephone for Pretrial Services contact.

5. No-contact clarification. The no-contact condition does not bar communications through counsel or communications authorized by the Court for purposes of the appeal, restitution, or related civil matters.

6. Status reporting. The defendant shall file a status report at the eighteen-month review point, or sooner if the Court directs.