**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 2:18-cr-00735-MCA-1 |
| v. | Hon. Madeline Cox Arleo |
| PARMJIT PARMAR, a/k/a "Paul Parmar," | |
| Defendant. | |

**DEFENDANT'S MOTION TO EXPEDITE HEARING ON RELATED**
**MOTION FOR RELEASE PENDING APPEAL AND FOR A TEMPORARY**
**STAY OF SURRENDER PENDING DECISION ON THE**
**MOTION FOR RELEASE PENDING APPEAL**

Defendant Parmjit Parmar, by and through undersigned counsel, respectfully submits this short ancillary motion in connection with his Motion for Release Pending Appeal, filed earlier today [the "Release Motion", ECF Doc # 360]. This motion does not seek any modification of the sentence or reconsideration of the surrender date the Court has set. It asks only that the Court (1) decide the Release Motion on an expedited basis before the June 11, 2026 surrender date; (2) if the Court cannot rule by that date, briefly stay the surrender date so that Defendant is not incarcerated before the Release Motion is decided; and (3) if the Court denies Release Motion, grant a brief stay of the surrender date to allow time to seek emergent relief under Federal Rule of Appellate Procedure 9(b). In support, the Defendant states as follows:

## Background

1. On May 5, 2026, the Court sentenced Mr. Parmar to 60 months, and judgment was entered on May 6, 2026. Mr. Parmar filed a timely Notice of Appeal (ECF No. 352).

2. Defendant moved for a 60-day extension of his surrender date in order to allow him time to attend to personal need.

2. The Court thereafter set Defendant's voluntary surrender date for June 11, 2026, while ordering that all other conditions of release remain in full force and effect. Defendant has separately sought review of that surrender-date order in the United States Court of Appeals for the Third Circuit, which remains pending. He does not, through this motion, ask this Court to revisit that order.

3. The surrender date of June 11, 2026 leaves limited time for the Court to consider the Release Motion in the ordinary course.

## Relief Requested

2.    Defendant respectfully requests the following relief, in descending order of preference:

1. **Expedited decision.** That the Court consider and decide the Release Motion on an expedited basis, and in any event before the June 11, 2026 surrender date. Defendant will accept any expedited briefing schedule the

Court sets and will respond to any submission of the Government promptly.

2. **Temporary stay pending decision.** If the Court cannot decide the Release Motion before June 11, 2026, that the Court temporarily hold the surrender date in abeyance until it rules on that motion. This requests no change to the date the Court has set and no ruling on the merits; it asks only that the surrender date not lapse while decide the Release Motion awaits decision.

3. **Short stay to permit Rule 9(b) review.** If the Court denies release, that the Court grant a stay of surrender of fourteen days, sufficient to permit an application to the Third Circuit under Federal Rule of Appellate Procedure 9(b). See Fed. R. App. P. 9(b); Fed. R. Crim. P. 38(b)(1). Rule 9(b) contemplates review of this Court's release decision in the Court of Appeals, and a brief, defined stay permits that review to occur in an orderly manner rather than after surrender has mooted it.

### Argument

1. **The relief is modest and procedural.** None of the three requests above asks the Court to alter the sentence, to reconsider the surrender date it has set, or to resolve the merits of release. The first asks only for sequencing; the second and third ask only that the date not expire before the Release Motion can be decided and, if necessary, reviewed.

2. **The status quo is already supervised and workable.** Defendant has been under Court supervision for approximately eight years with no failure to appear and no revocation motion. The Court has previously continued release and adjusted the surrender date while keeping all other conditions in force. A brief continuation of that same supervised status quo, under the existing conditions, preserves the Court's control and prejudices no one.

3. **A short stay prevents the incarceration which may be unwarranted.** Without a brief stay, the surrender date could pass before the Court rules, and if granted, grant relief that arrives too late to fully implement the relief sought. Section 3143(b) and Rule 9(b) exist precisely to allow a defendant who satisfies the statutory standard to remain at liberty during appellate review; a short stay protects the Court's and the Court of Appeals' ability to give that question orderly consideration.

4. **No prejudice to the Government.** The requested relief does not diminish the Government's position on release or on the merits; it affects only the timing and orderliness of decision and review.

WHEREFORE, Defendant respectfully requests that the Court (1) decide the accompanying Motion for Release Pending Appeal before June 11, 2026; (2) failing that, temporarily hold the surrender date in abeyance until the Court rules on that motion; and (3) if the Court denies release, grant a fourteen-day stay of surrender

sufficient to permit an orderly application under Federal Rule of Appellate Procedure 9(b); together with such other relief as the Court deems just.

Dated: May 31, 2026

Respectfully submitted,

/s/ *Timothy P. Neumann, Esq.*
Timothy P. Neumann, Esq.
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, NJ 08736
(732) 223-8484

*Co-Counsel for Defendant Parmjit Parmar*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>PARMJIT PARMAR, a/k/a "Paul Parmar,"<br><br>          Defendant. | Crim. No. 2:18-cr-00735-MCA-1<br><br>Hon. Madeline Cox Arleo |

### [*PROPOSED*] ORDER

THIS MATTER having come before the Court on the defendant's Motion to Expedite and for a Temporary Stay of Surrender Pending Decision on the Motion for Release Pending Appeal; and the Court having considered the motion and any response; and for good cause shown,

### IT IS HEREBY ORDERED as follows:

1. The defendant's Motion for Release Pending Appeal shall be, and hereby is, set for expedited consideration. Plaintiff shall file its opposition, if any, on or before June __, 2026. Reply papers, if any, to be filed by Defendant on or before June __, 2026.

2. Pending the Court's decision on the Motion for Release Pending Appeal, the defendant's voluntary surrender date is held in abeyance, and all other conditions of release shall remain in full force and effect. This temporary

stay is entered without prejudice to the Government's opposition to release pending appeal and reflects no view on the merits of that motion.

3. If the Court denies the Motion for Release Pending Appeal, the defendant's surrender date shall be stayed for fourteen (14) days from the date of that order to permit an application to the United States Court of Appeals for the Third Circuit under Federal Rule of Appellate Procedure 9(b).

**SO ORDERED**.

Dated: _____, 2026

_____
Hon. Madeline Cox Arleo
United States District Judge