

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Appeals Division*

---

*Steven G. Sanders*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2846*

June 2, 2026

**BY ECF**

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   *United States v. Parmjit Parmar*
>         Crim. No. 18-735 (MCA)

Dear Judge Arleo:

On June 1, 2026, Defendant Parmjit Parmar appealed to the Third Circuit from this Court's May 26, 2026 Order (the "May 26 Order"), which extended Parmar's surrender date to June 11, 2026. Parmar has also sought an emergent stay of that surrender date, and the Third Circuit has ordered the Government to respond by June 4, 2026, at 9 AM. Because Parmar claims that this Court's Order "does not identify any concrete reason, supervision concern, flight-risk concern, danger concern, or prejudice that would justify limiting the extension to" June 11, the Government respectfully requests that the Court issue a statement of reasons supplementing the May 26 Order so that the Third Circuit has the benefit of this Court's reasoning. *See* 3d Cir. L.A.R. 3.1 ("No later than 30 days after the docketing of a notice of appeal, the trial judge may file and transmit to the parties a written opinion or a written amplification of a prior written or oral recorded ruling or opinion."). And because Parmar complains that the Government cited no reasons for opposing his request, the Government summarizes them here, drawing upon prior submissions and transcripts with which the Court is deeply familiar.

Parmar claims he needs an extension until August to provide him more time for "current medical records and physician recommendations to be organized," as well as a slew of other administrative tasks he claims need to be completed before surrendering to BOP custody, including "orderly transition of records," arrangements for household pets, and according to a May 21, 2026 letter from defense counsel, a potential engagement. *See* Dkt. No. 355. But Parmar's purported bases for requiring more time before entering BOP custody do not provide a sufficient basis to extend his surrender date past June 11.

In extending Parmar's surrender date until June 11 only, and not until August 3 as he had sought, the Government understood the Court had concluded, given its deep familiarity with Parmar's prior efforts to delay proceedings in this case, that his current claims of medical necessity and personal circumstances weren't sufficiently substantiated to justify any further delay in his service of his sentence. Those prior efforts are documented in the Government's previous submissions in this case, and include the following, most notably perhaps his complete lack of candor with regards to purported health issues that require adjournments.

***Repeated lies to the Court about health-related issues and purportedly required medical treatment.*** As explained in detail in many of the Government's submissions, particularly its March 24, 2025 opposition to Parmar's motion to continue trial (attached as Exhibit A), throughout the pendency of this case, Parmar has repeatedly sought to delay its disposition. To do so, he has routinely relied on health-related excuses, and the Court has articulated "real concerns" with the "truthfulness of" these health-related excuses. *See* Tr. of August 22, 2024 at 5:2-3 (attached as Exhibit B). For example, the Court set oral argument on Parmar's pretrial motions for January 13, 2022, and trial for February 15, 2022. *See* Dkt. No. 125. The week before the oral argument, on January 3, 2022, Parmar's counsel represented to the Government that Parmar had severe health conditions that would require a six-month adjournment of the trial date. Two days later, on January 5, 2022, Parmar's counsel submitted a letter to the Court asking for a one-month adjournment of the oral argument and a four-month adjournment of the trial date on the grounds that Parmar was undergoing medical tests and had contracted COVID-19. *See* Dkt. No. 132.

On February 4, 2022, Parmar sought another adjournment of the oral argument due to medical issues. The week before the re-scheduled March 2022 oral argument, Parmar moved for an additional adjournment based on his ongoing medical circumstances. *See* Dkt. No. 140. In that submission, Parmar further stated that he had been unable to meet with his legal team to prepare for the oral argument and submitted a letter from Samul Raval, M.D., of Garden State Neurology & Neuro-Oncology, P.C., in support of his adjournment request. *See id.* (attaching letter from Dr. Raval). The Court again accommodated Parmar's request and adjourned the oral argument to May 5, 2022 in a text order. *See* Dkt. No. 143. In doing so, however, the Court noted, "[n]o further adjournments." *Id.*

Consistent with his pattern, just two days before the May 5, 2022 oral argument, Parmar again moved for an adjournment until mid-July 2022. In support of the motion, Parmar submitted another letter from Dr. Raval and cited Parmar's own ongoing medical tests and potential medical challenges. *Id.* (attaching letter from Dr. Raval). On September 26, 2022, Parmar took the position that "*due to his medical condition*, it is unrealistic to set a trial date at this time." *See* Dkt. No. 172 (emphasis added). Parmar then sought to adjourn a March 14, 2023 status conference (*see* March

9, 2023 letter from Jeffrey C. Hoffman, Esq.), which the Court again granted. The requests for delays continued into 2024, including requests to adjourn a March 2024 status conference due to scheduled medical testing.

During an August 22, 2024 bail hearing, the Court also discussed significant contradictions in Parmar's representations regarding his health and medical procedures, and the resulting inability to attend court proceedings, and his activities while on pretrial release, and noted "real concerns about the truthfulness of [Parmar's] statements to the Court." *Id.* at 4, 5:1-7. The Court also expressed concerns about the "veracity" of the supporting documentation provided by Parmar in support of his litany of health concerns and noted Parmar's repeated "inconsistencies" and "lack of candor" with the Court in his requesting adjournments. *See id.* at 6:13-17; 10:7-14; 27:20-25. In light of Parmar's repeated representations of various ailments, including his alleged brain cancer and open-heart surgery, the Court ordered independent neurological and cardiological examinations at Parmar's expense to be conducted by doctors selected by the Government. The Government selected a cardiologist and neurologist to conduct the independent evaluations. The Court also ordered Parmar to retain counsel by September 3, 2024. Since then, however, Parmar represented that he is healthy, "ready" for trial, and that he would seek no additional delays. Given that, the Court held the independent evaluations in abeyance.

***Findings of untruthfulness by this Court and several other courts.*** As noted in detail in the Government's sentencing submissions, Parmar is an adjudicated liar. The Government will not repeat *ad nauseam* all of the instances where a court has found him to be untruthful and lacking candor, but highlights two additional examples beyond what this Court has found, as noted above. First, in the Superior Court of New Jersey, Monmouth County, a judge found that Parmar was "an incredible witness" whose testimony was "conjured, unsupported, refuted, or contradicted by record evidence. Parmar testified with convenient, self-serving recollection tailored to fit his position. His testimony appeared scripted and rehearsed. He was not forthright and, at times, was evasive. He was not an honest witness." Govt. September 18, 2025 Sentencing Memorandum (attached as Exhibit C), Ex. A at 6. In addition, just as he tried to do in this case, Parmar attempted to manipulate the court in the civil action by alleging health issues during his testimony at trial. As here, Parmar's health issues miraculously vanished and were "healed" when the court expressed alarm and sought to inquire further. The Judge, alarmed by Parmar's sudden health and memory issues after hours of testimony, made clear that "[i]f this is a fabricated condition, I will come down very hard with appropriate sanctions." *Id.* Parmar's suit was ultimately dismissed with prejudice.

Separately, in a foreclosure action the Chancery Division of the Superior Court of New Jersey, Monmouth County, concerning Parmar's New Jersey residence, which is related to fraud proceeds of Parmar's criminal conduct here, the court found that Parmar engaged in a pattern of "inconsistencies" and "untruths" asserted whenever Parmar sought a favorable outcome in the various related cases. Indeed, the court

found that Parmar has a "clear pattern and practice of Parmar saying whatever is necessary in a given case to work towards his advantage." Govt. September 18, 2025 Sentencing Memorandum, Ex. C at 14-15.

***Lying to Pretrial Services about his whereabouts.*** As noted extensively by this Court during the August 22, 2024 bail hearing, at sentencing, and in other proceedings during the pendency of this case, Parmar lied to pretrial on multiple occasions about his location, including on at least one occasion he told pretrial he was having a medical procedure, but was actually at JFK Airport. *See* August 22, 2024 Tr. at 4:2-5:1; 10:23-11:2; 17:6-11; 23:10-24:10. On another occasion, Parmar told the Court that he was ill and suffering from dizziness, and accordingly could not appear in Court, yet his location monitoring device showed him to be at a tiki bar in Staten Island. *Id.* at 4:1-25. Parmar lied outright about purported medical appointments and procedures that plainly did not happen.

Parmar's current effort to delay his surrender date is just the latest in a seemingly endless string of attempts to delay justice. Parmar has been sentenced to 60 months' imprisonment. It is long past time for him to face the consequences of his extensive and severe criminal conduct.

Accordingly, the Government requests that the Court issue a statement of reasons explaining why it granted only a one-week extension of the surrender date so that the Third Circuit may properly review this Court's exercise of its broad discretion.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: Kelly M. Lyons
George M. Barchini
Steven G. Sanders
Assistant U.S. Attorneys

cc:    Timothy Neumann, Esq., Counsel to Defendant