# BROEGE, NEUMANN, FISCHER & SHAVER, LLC
## ATTORNEYS AT LAW

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
GEOFFREY P. NEUMANN
…………………
CARL BROEGE
  *of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY  08736
PHONE: (732) 223-8484
FAX: (732) 223-2416
EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM

June 3, 2026

**BY ECF**

The Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

>    **Re:  United States v. Parmar, Crim. No. 18-735 (MCA)**
>    **Defendant's Response to the Government's June 2, 2026 Letter (ECF No. 363)**

Dear Judge Arleo:

Counsel respectfully writes to supplement, not replace, Defendant's response at ECF No. 364. This short supplement presents no new facts and does not reargue the response already filed. It addresses a narrow practical point: the existing record supports August 3, 2026 as the appropriate surrender date, and if the Court elects to amplify its May 26, 2026 Order under Third Circuit L.A.R. 3.1, any amplification should rest on the contemporaneous record before the Court when it ruled, not on the Government's later factual narrative.

As set out in ECF No. 364 and the underlying motion papers, the May 22 motion sought a defined, one-time administrative extension to August 3, 2026; preserved every existing condition of release; identified medical-intake, estate and legal-authority, dependent-care, records-transition, and appellate-preparation tasks; and reflected that Pretrial Services took no position and had reported no compliance issue making the requested extension inappropriate. The Government filed no factual opposition before the May 26 Order issued. The Court granted the motion, found good cause, preserved all existing conditions, and set surrender for June 11, 2026. The timing of ECF No. 363 confirms its function: it was filed only after the Court had ruled, after Mr. Parmar challenged the seven-day limitation, and after emergency appellate review became imminent. The point is not that the Court may not explain its own ruling. The point is that any explanation should be the Court's own amplification of the ruling on the record it had, not an adoption of a later Government narrative.

*See Venen v. Sweet*, 758 F.2d 117, 120-21 & n.2 (3d Cir. 1985) (a notice of appeal divests the district court of control over the matters involved in the appeal, subject only to limited exceptions);

*United States v. Scarfo*, 263 F.3d 80, 89-90 (3d Cir. 2001) (treating a late district court writing as amplification of its own prior ruling, considered in light of whether its consideration would prejudice the defendant); *Fassett v. Delta Kappa Epsilon (N.Y.)*, 807 F.2d 1150, 1165 (3d Cir. 1986) (the reviewing court's function is to review the decision "on the basis of the record that was before the district court"); *cf. United States v. Lattany*, 982 F.2d 866, 879 & n.14 (3d Cir. 1992) (cautioning that recording reasons for a continuance long after it is granted can give the appearance of post hoc rationalization).

## I.  The Good-Cause Finding Supports the Requested August 3 Date.

Even apart from the Government's June 2 post-order letter, the contemporaneous record before the Court supported the full extension requested. The motion presented a defined, one-time administrative request; preserved every existing condition of release; set out concrete medical-intake and transition tasks supported by Mr. Parmar's declaration and counsel's certification; represented that Pretrial Services took no position and had reported no compliance issue making the request inappropriate; and identified no specific prejudice, violation, danger, or nonappearance risk associated with maintaining the supervised status quo. On that record, the Court found good cause and granted the motion.

Those tasks were not presented as abstract, indefinite, or open-ended matters, but as concrete medical-intake, family, legal-authority, records-transition, and appellate-preparation workstreams calibrated to the requested August 3 date, under unchanged supervision, with no filed factual contradiction and no identified operational objection from Pretrial Services. August 3 was the date selected in the motion because it corresponded to the completion window for those identified workstreams. The record contains no separate showing that those same tasks could be completed by June 11, no Pretrial Services objection requiring a shorter date, and no changed condition of supervision after June 11. If the Court revisits surrender timing on the basis of the record that actually existed when it ruled, August 3 is not simply one permissible outcome; it is the surrender date most directly tied to the evidentiary showing made in the motion papers.

## II.  Seven Days Was Not a Marginal Adjustment, and the Record Does Not Explain Why It Was Sufficient.

Defendant does not dispute that the Court has discretion in setting the parameters of the sentence. It is the absence of a nexus between the good cause the Court found, and the conclusion that seven days was sufficient to accomplish the enumerated tasks. Even under deferential review, the Court of Appeals must be able to discern that "the particular circumstances of the case have been given meaningful consideration," supported by adequate justifications on the record. *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008). Here, the motion sought sixty days, the Order allowed seven, and that seven-day period was not a marginal adjustment to the requested administrative extension; it substantially denied the period sought while leaving unexplained how the documented tasks could be completed in that shorter period or what current concern warranted curtailing the extension.

A later statement that seven days was sufficient in the Court's discretion would still leave unanswered the essential record question: what in the motion papers, declaration, certification, or release record demonstrated that the identified tasks could be completed in seven days rather than the requested period? The seven-day period corresponded to no date, event, appointment, risk finding, Pretrial Services recommendation, or identified Government prejudice in the record. The issue is not the existence of discretion. It is the absence of any articulated record basis for selecting seven days as the amount of time sufficient to accomplish the documented tasks while leaving all release conditions unchanged. Nothing in the contemporaneous record divided the showing into a seven-day portion and a fifty-three-day excess; the record presented one integrated administrative request tied to one requested date. If the Court elects not to extend surrender to August 3, Mr. Parmar respectfully submits that any supplemental statement of reasons should identify the specific portion of the contemporaneous record that supported the conclusion that seven days, rather than the requested period, was sufficient to accomplish the documented tasks.

Mr. Parmar does not contend that the Court lacked discretion to grant less than the full extension requested. The point is narrower. Where the Court found good cause based on specific, documented transition tasks, preserved all conditions of release, and identified no current supervision concern, the substantial reduction from sixty days to seven required a record-based explanation connecting the duration selected to the purposes for which good cause was found. Without that nexus in the record as it existed when the order was entered, a statement that seven days was sufficient would state the conclusion, but not the reasoned path from the contemporaneous record to that conclusion. *See United States v. Levinson*, 543 F.3d 190, 196-97 (3d Cir. 2008). In the sentencing context, the Third Circuit has similarly described the touchstone of reasonableness as whether the record reflects rational and meaningful consideration of the governing factors. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Mr. Parmar accordingly preserves the appellate issue that, although surrender-date decisions are discretionary, the exercise of that discretion must remain reviewable and must bear a rational connection to the contemporaneous record.

### III.  The Government Identifies No Current Supervision Reason for June 11 Rather Than August 3.

The May 26 Order preserved all existing conditions of release, and the motion sought no added liberty. The Government's June 2 letter still identifies no current violation, no current Pretrial Services objection, no present flight risk, no danger, no current noncompliance, no concrete prejudice, and no fact arising on June 12 that would make the existing supervision structure suddenly inadequate after June 11. Restrictions affecting liberty should be tied to a current, record-supported purpose, not assumed from stale or already-addressed concerns. *Cf. United States v. Pruden*, 398 F.3d 241, 248-49 (3d Cir. 2005) (explaining that supervised-release conditions must be reasonably related to statutory purposes and supported in a tangible way by the record, and that a condition with no basis, or only a tenuous basis, in the record involves a greater deprivation of liberty than is reasonably necessary). If the same unchanged conditions were sufficient through

3

June 11, the Government has not identified a current, record-based reason they are insufficient through August 3.

### IV.  August 3 Is the Most Orderly and Least Prejudicial Resolution.

An August 3 extension grants no added liberty. It preserves every existing condition of release, gives practical effect to the Court's good-cause finding, allows the documented tasks to be completed in an orderly way, and provides a firm and final surrender date under unchanged supervision. In short, August 3 is not additional leniency; it is finality and orderly case management under unchanged conditions. Mr. Parmar accepts August 3, 2026 as a firm and final voluntary surrender date on this administrative request, whether or not every listed task is complete by then, and waives any further request for an extension of the surrender date on the same grounds, absent a separate order granting release pending appeal.

August 3 is also the most efficient procedural resolution for both this Court and the Court of Appeals. At present, the parties are litigating emergency surrender timing in two overlapping forms: first, whether the seven-day limitation should remain in place on emergency review in the Third Circuit; and second, whether surrender should remain stayed long enough for this Court to decide the separately pending motion for release pending appeal under 18 U.S.C. § 3143(b). Extending surrender to August 3 under unchanged conditions would eliminate or substantially narrow the emergency appellate dispute over timing, remove the need for duplicative emergency submissions on surrender, and allow both courts to focus on the principal remaining question, release pending appeal, on an orderly schedule rather than an emergency clock. It would not disturb the judgment, alter the sentence, or expand release conditions; it would simply restore case-management coherence under the record already before the Court.

This request asks the Court neither to revisit the sentence nor to prejudge the pending § 3143(b) motion. It asks only that the surrender date be managed in a way that gives effect to the Court's existing good-cause finding and avoids duplicative emergency timing litigation. Returning the case to the contemporaneous good-cause record would also reduce the practical significance of the Government's post-order narrative, since the surrender date would rest on the record the Court actually had rather than on reasons assembled after the appeal. The relief sought here is administrative; it is the narrowest practical step that resolves the timing emergency, and it is not, and is not offered as, a ruling on release pending appeal.

### V.  Requested Relief.

For the foregoing reasons, and for the reasons stated in ECF No. 364, Mr. Parmar respectfully requests that the Court decline to adopt the Government's June 2 post-order factual narrative as the basis for supplementing the May 26 Order.

If the Court is inclined to amplify its ruling under Third Circuit L.A.R. 3.1, Mr. Parmar respectfully requests that any amplification be limited to the Court's own contemporaneous reasoning and the

record before the Court when the Order issued, including the absence of any filed factual opposition, Pretrial Services' intervening compliance assessment, the continuation of release conditions, and the absence of any identified current violation, Pretrial Services objection, or concrete prejudice.

To the extent the Court revisits surrender timing on that contemporaneous record, Mr. Parmar respectfully requests that the Court extend the voluntary surrender date to August 3, 2026, as originally requested in the motion, with all existing conditions of release remaining in full force and effect. The record before the Court when it ruled supported that date, and neither the contemporaneous record nor any filed factual opposition supplied a record-based reason why the concrete tasks identified could be completed in only seven days.

In the alternative, if the Court is considering reliance on any disputed factual assertion in ECF No. 363, Mr. Parmar respectfully requests an opportunity to respond before any such assertion is incorporated into a statement of reasons. Independent of the surrender-timing question, Mr. Parmar also respectfully requests a stay of surrender sufficient to permit resolution of the pending motion for release pending appeal under 18 U.S.C. § 3143(b), with all existing conditions remaining in full force.

Respectfully submitted,

/s/ *Timothy P. Neumann*
Timothy P. Neumann, Esq.
Broege, Neumann, Fischer & Shaver, LLC
Counsel for Defendant Paul Parmar

cc (by ECF):  Kelly M. Lyons, AUSA
George M. Barchini, AUSA
Steven G. Sanders, AUSA
John Hemann, Esq.; Andrew Goldstein, Esq. (Cooley LLP)