# PUBLIC VERSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 2:18-cr-00735 (MCA) |
| Plaintiff, | Appeal No. 26-2218 (3d Cir.) |
| v. | Hon. Madeline Cox Arleo |
| PARMJIT PARMAR, a/k/a "Paul Parmar," | |
| Defendant. | |

## EXHIBIT 3

**Government Statements Rejecting Transaction-Date Valuation and May 5, 2026**
**Sentencing-Hearing Record**

This is the PUBLIC version of this document. It contains no material concerning Mr. Parmar's medical information or his service to or cooperation with federal law enforcement, and is filed publicly in unredacted form. It is offered solely in support of Mr. Parmar's motion for release pending appeal and alternative stay of surrender.

# EXHIBIT 3

**Government Statements Rejecting Transaction-Date Valuation
and May 5, 2026 Sentencing-Hearing Valuation Record**

*United States v. Parmjit Parmar, Crim. No. 2:18-cr-00735 (MCA) (D.N.J.)*
*Appeal No. 26-2218 (3d Cir.)*

## Purpose

This exhibit catalogs (1) the instances in which the Government took the position that valuation of CHT was unnecessary, irrelevant, or not required to calculate loss under U.S.S.G. § 2B1.1; (2) the instances in which the Government equated loss with the full investment amount; (3) the instances in which the Government opposed an evidentiary hearing or factual findings concerning valuation; and (4) the valuation-related exchanges at the May 5, 2026 sentencing hearing.

This exhibit is **not** offered to prove fair market value. It is offered to show the legal position the Government took, the valuation evidence the defense identified, the valuation findings that were not made, and the issues preserved for appeal. It draws no conclusion of bad faith and asserts no admission of misconduct.

## Part A — Executive Summary

1. The Government's April 27, 2026 letter did not argue that a transaction-date valuation was impossible or infeasible. It argued that valuation was legally irrelevant. Doc. 344 at 3–4, PageID 2846–47.

2. The Government's theory of loss depended on the Go-Private Transaction in which the victims paid $212,502,160.25. Doc. 344 at 3, PageID 2846.

3. The Government argued that "any evidence" concerning valuation, offers to purchase the business, and bankruptcy asset sales was "completely irrelevant" to the loss amount under § 2B1.1. Doc. 344 at 3, PageID 2846.

4. The Government opposed an evidentiary hearing on loss and characterized valuation evidence as "not a relevant figure." Doc. 344 at 3–4, PageID 2846–47.

5. At the May 5, 2026 hearing, the defense argued that loss equals investment minus value received, that the valuation variable was missing, and that a valuation expert could value the company using revenue and appropriate industry multiples. Tr. 13, 16–17.

6. The Court summarized the defense position as arguing that actual loss was the difference between the price paid and the actual value of the company at the time of the transaction, and that the Government had not provided evidence of the value of the company at the time of purchase. Tr. 23–24.

7. The appellate issue is sharply preserved: whether the Government could satisfy its burden of proving actual loss by equating the investment amount with loss after taking the position that transaction-date valuation was irrelevant.

8. The Government did not identify a competing transaction-date valuation; it argued that no valuation was required.

## Part B — Government Statements Rejecting Valuation

The following table catalogs the Government's confirmed valuation-related statements. The table is presented in landscape orientation on the following pages.

| Date | Filing | Docket / PageID | Government Statement | Category | Legal Significance |
|---|---|---|---|---|---|
| Apr. 27, 2026 | Government Letter | Doc. 344, PageID 2846 | "The Government's theory on loss depends on one thing: a Go-Private Transaction that took place fourteen months before the bankruptcy in which victims indisputably paid $212,502,160.25 for a company in a deal inextricably tainted by Parmar's fraud." | Loss equals investment amount | Shows the Government rested on amount paid, not transaction-date value. |
| Apr. 27, 2026 | Government Letter | Doc. 344, PageID 2846 | "Thus, any evidence regarding the 'valuation of CHT at the time of the acquisition,' 'offers made [by Parmar] to purchase the business prior to bankruptcy,' and any subsequent 'asset sales through a bankruptcy fire sale' are completely irrelevant to the loss amount under § 2B.1.1." | Valuation legally irrelevant | Shows the Government affirmatively rejected transaction-date valuation evidence. |
| Apr. 27, 2026 | Government Letter | Doc. 344, PageID 2846–47 | "Accordingly, the Government submits that any evidentiary hearing on loss is unnecessary and would only serve the purpose of subjecting victims to meaningless cross examination on wholly irrelevant information." | No evidentiary hearing required | Shows the Government opposed factual development on valuation / loss. |
| Apr. 27, 2026 | Government Letter | Doc. 344, PageID 2847 | "Defendant does not contest the sale price and victims' investment amount of $212,502,160.25, but yet argues that certain witnesses, including victims, should be required to testify about 'valuation evidence,' which … is not a relevant figure under § 2B.1.1." | Valuation not relevant | Shows the Government treated valuation evidence as legally irrelevant to Guidelines loss. |
| Apr. 27, 2026 | Government Letter | Doc. 344, PageID 2847 | "But ultimately, Defendant's argument presents a legal dispute, not a factual one, which does not require any sort of factual findings, and one that moreover finds no support in relevant case law." | No factual findings required | Preserves de novo legal issue if accepted; preserves Rule 32 issue if valuation was factually relevant. |

## Synthesis

The Government's position was not that valuation evidence did not exist. It was not that valuation could not be performed. It was that valuation evidence did not matter legally. This distinction is central to appellate review. This exhibit does not ask the Court to decide whether the Government was wrong. It shows only that the Government's position creates a legal question, and that the Court's adoption of that position creates a preserved appellate issue.

## Part C — May 5, 2026 Sentencing-Hearing Valuation Record

The following table captures the valuation-related exchanges in chronological order. The table is presented in landscape orientation on the following pages.

**Note:** Page citations are to the certified sentencing transcript. The Court's statement that "[t]he reasonable estimate is the $212 million" appears at Tr. 16 as the Court's stated intended estimate of where it was "headed"; the Court's formal loss recital and ruling appear at Tr. 23–28.

| Tr. Page / Lines | Speaker | Statement / Summary | Exact Quote | Valuation Issue | Preservation Significance |
|---|---|---|---|---|---|
| Tr. 12 | Defense (Hemann) | Company was not without value; employees, locations, businesses sold in bankruptcy | "the company clearly was not completely without value because there were … about a thousand employees, there were nine office locations … valuable businesses … sold by the bankruptcy trustee … for over a hundred million dollars." | Evidence of value | Shows defense challenged the zero-value / investment-loss premise. |
| Tr. 13 | Defense (Hemann) | No transaction-date valuation evidence in the record | "there's no evidence about what the value of the company was based on the revenues of the operating business at the end of January 2017." | Missing transaction-date valuation | Preserves the Government failure-of-proof argument. |
| Tr. 13 | Defense (Hemann) | A valuation expert could perform the calculation | "And a valuation expert would and could, and does every day, take that revenue number, multiply it by the appropriate multiple in the industry and come up with the valuation of the company." | Feasibility of valuation | Rebuts any claim that valuation was impractical or impossible. |
| Tr. 16 | Defense (Hemann) | Actual-value rule governs fraud cases | "the rule is that in a fraud case, you have to look at actual value." | Legal standard | Preserves the Nathan / Banks / Dickler value-received framework. |
| Tr. 16–17 | Defense (Hemann) | Loss formula; missing valuation variable | "loss equals the investment minus the value, and … we're also missing the valuation variable." | Loss formula | Preserves the central appellate equation. |
| Tr. 17 | Defense (Hemann) | Value may have exceeded price but was never calculated | "the company may have been worth $400 million or $500 million. We don't know because that was never done." | No valuation performed | Shows the uncertainty arose from the absence of Government proof, not the absence of methodology. |
| Tr. 23–24 | The Court | Summary of the defense position | "The defendant counters that the actual loss is the difference between the price paid for the company and the actual value of the company at the time of the transaction, and that the government has not provided any evidence of the value of the company at the time of the investors' purchase." | Court recognized the argument | Confirms the issue was presented and understood. |
| Tr. 16 | The Court | Court's stated intended reasonable estimate | "The reasonable estimate is the $212 million." | Loss methodology | Identifies the ruling under review. |
| Tr. 25 | The Court | Distinction of Nathan and Nagle | "Both of these cases, however, dealt with fraudulently induced contracts between the government and the defendant." | Legal distinction | Identifies the legal basis for rejecting the defense authorities. |
| Tr. 25–26 | The Court | Alternative finding | "Even if the Court were to agree that the estimate of actual loss here should account for the value the company had at the time of the Go-Private Transaction, there is a preponderance of the evidence to suggest that | Alternative loss / harmlessness finding | Preserves the challenge that the alternative finding lacked a corrected valuation, corrected Guidelines range, Rule 32 finding, |

| Tr. Page / Lines | Speaker | Statement / Summary | Exact Quote | Valuation Issue | Preservation Significance |
|---|---|---|---|---|---|
| | | | the estimated actual loss would be significant enough to have no impact on defendant's sentence." | | and independent same-sentence analysis. |

## Part D — Transcript Themes

### Theme 1 — The defense argued value received, not "no fraud means no loss"

The defense did not contend that the fraud negated loss. It contended that actual loss required measuring the value received against the price paid.

> *"loss equals the investment minus the value, and … we're also missing the valuation variable."*
> Tr. at 16–17.

### Theme 2 — The defense identified a readily available valuation method

The defense identified an industry-standard approach: revenue multiplied by an appropriate industry multiple.

> *"a valuation expert would and could, and does every day, take that revenue number, multiply it by the appropriate multiple in the industry and come up with the valuation of the company."*
> Tr. at 13.

### Theme 3 — The Court recognized the argument and the absence of Government value evidence

> *"the government has not provided any evidence of the value of the company at the time of the investors' purchase."*
> Tr. at 23–24 (the Court).

### Theme 4 — The Court adopted the investment amount as the reasonable estimate

> *"The reasonable estimate is the $212 million."*
> Tr. at 16 (the Court).

### Theme 5 — The alternative finding did not make the missing valuation finding

The alternative finding stated that any value would not affect the sentence. Stated neutrally, that finding did not identify the transaction-date value, did not calculate actual loss after offsetting value received, did not identify the evidence supporting loss above any specific threshold after valuation, and did not recalculate the Guidelines range under a corrected methodology.

# Part E — Legal Significance for Appeal

**Legal issue (if the Government's position is accepted).** Whether § 2B1.1 permits actual loss to equal the entire investment amount in the purchase of an operating company without measuring the value received.

**Procedural issue (if valuation was factually relevant).** Whether Rule 32(i)(3)(B) and U.S.S.G. § 6A1.3 required the Court to resolve the disputed valuation issue or conduct an evidentiary hearing before adopting the $212 million figure.

**Harmlessness issue (if the alternative finding is relied upon).** Whether a court may deem a loss-calculation error immaterial without making a corrected loss finding, a corrected Guidelines calculation, or an independent same-sentence variance ruling under the corrected framework.

---

**The Controlled Fork**

Government position: transaction-date valuation was legally irrelevant.

If that position is accepted: the appeal presents a de novo legal question of whether § 2B1.1 permits actual loss to equal the full investment amount without a value-received finding.

If that position is rejected: valuation was factually relevant, and Rule 32(i)(3)(B) and U.S.S.G. § 6A1.3 required findings or a hearing that were not made.

**Either way: a substantial appellate issue is presented.**

## Part F — Limitations

1. This exhibit does not determine fair market value.

2. This exhibit does not contend that any particular witness would have testified to any particular valuation.

3. This exhibit does not rely on evidence outside the cited record.

4. This exhibit is offered only to identify Government positions, valuation-related hearing statements, Court findings, and preserved appellate issues.

## Part G — Appendix of Quotations

### A.  Government April 27, 2026 Letter (Doc. 344)

*"The Government's theory on loss depends on one thing: a Go-Private Transaction … in which victims indisputably paid $212,502,160.25 for a company in a deal inextricably tainted by Parmar's fraud."*
PageID 2846.

*"any evidence regarding the 'valuation of CHT at the time of the acquisition' … [is] completely irrelevant to the loss amount under § 2B.1.1."*
PageID 2846.

*"any evidentiary hearing on loss is unnecessary and would only serve the purpose of subjecting victims to meaningless cross examination on wholly irrelevant information."*
PageID 2846–47.

*"'valuation evidence,' which … is not a relevant figure under § 2B.1.1."*
PageID 2847.

*"Defendant's argument presents a legal dispute, not a factual one, which does not require any sort of factual findings …"*
PageID 2847.

### B.  May 5, 2026 Sentencing Transcript

See the Part C table for the full sequence with page citations. Page citations are to the certified sentencing transcript.

### C.  Defense April 2, 2026 Letter (Doc. 341)

The April 2, 2026 defense letter sets out the value-received and burden positions.

*"The government has submitted no evidence as to the valuation of CHT at the time of CC Capital's investment or the bank loans."*
Doc. 341 at 3.

*"There is no analytical or legal support for the government's only position on loss, which is that the loss equals the entire sales price."*
Doc. 341 at 6.

*"the Presentence Report and victim declarations cannot substitute for admissible valuation evidence at the time of the offense and therefore cannot support a loss finding without testimony subject to cross-examination."*
Doc. 341 at 6.

### D.  January 26 and February 11, 2026 Sentencing Filings (Docs. 328, 334)

These filings preserve the loss and value-received objection and are referenced by the Government at Doc. 344 at 1. No quotation from these filings is reproduced here; the entry is included to show continuity of the preserved objection.

### E.  Earlier 2018–2021 D&P / Valuation Filings

The following confirmed valuation statements from the earlier record are cross-referenced from Exhibit 1:

*"Duff & Phelps Corp. and SunTrust Bank … determined that Company A should be valued at over double the price that CC Capital and Company A agreed to close at."*
Bail Appeal Reply, Doc. 21 at 2, PageID 49 (June 20, 2018).

*"Valuation is essential to a fraud case …"*
Rule 17(c) Motion, Doc. 97 at 10 (Dec. 22, 2020).

*"the Government's production of documents in discovery included a Duff & Phelps report … [which] found a value range for the company well above the actual sale price."*
Reply, Doc. 117 at 6, PageID 1165 (June 17, 2021).