# PUBLIC VERSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 2:18-cr-00735 (MCA) |
| Plaintiff, | Appeal No. 26-2218 (3d Cir.) |
| v. | Hon. Madeline Cox Arleo |
| PARMJIT PARMAR, a/k/a "Paul Parmar," | |
| Defendant. | |

## EXHIBIT 5 (APPENDIX)

### Illustrative Valuation-Feasibility Sensitivity Analysis

This is the PUBLIC version of this document. It contains no material concerning Mr. Parmar's medical information or his service to or cooperation with federal law enforcement, and is filed publicly in unredacted form. It is offered solely in support of Mr. Parmar's motion for release pending appeal and alternative stay of surrender.

# ILLUSTRATIVE VALUATION-FEASIBILITY SENSITIVITY ANALYSIS

*Not Offered as a Valuation Opinion or Expert Report*
Constellation Healthcare Technologies, Inc. ("CHT")
*Transaction-Date Reference: January 30, 2017*
*Prepared by defense counsel from cited record materials, for illustrative litigation-support purposes only*

---

### NOTICE

This analysis is illustrative only. It is not a valuation opinion, expert report, expert testimony, or fair-market-value determination. It is not offered to establish CHT's actual value, to calculate Guidelines loss, or to prove any offset. It does not equate enterprise value with equity value, purchase price, restitution, or Guidelines loss. Its limited purpose is to show that contemporaneous valuation methodology and record-based operating-revenue evidence existed, so that the value-received issue was concrete, record-based, and capable of analysis rather than inherently unknowable. The Court need not credit any number in this exhibit for the exhibit to serve its limited purpose.

---

## 1. Executive Summary

This revised analysis avoids relying on Duff & Phelps' 2017 and 2018 projected revenue figures as the operative revenue inputs. Instead, it uses revenue and billings figures from bankruptcy-professional materials and filed defense submissions, including Houlihan Lokey's April 2018 company summaries and the defense's February 11 and May 4 filings. Duff & Phelps is used only as a methodology anchor: its Quality-of-Earnings-adjusted ("QofE-adjusted") discounted-cash-flow ("DCF") range of $310 million to $375 million, and midpoint of $342.5 million, are used to derive illustrative revenue multiples. Those D&P-derived multiples are then applied to bankruptcy-professional revenue inputs of $150.5 million-plus for 2017 and $184.0 million for 2018. This exercise does not establish value, loss, restitution, or offset. It demonstrates only that the value-received issue was concrete, record-based, and capable of analysis.

**Why this revision is more conservative.** The Government has questioned the reliability of Duff & Phelps' management projections. This revised exhibit therefore does not use those projected revenues as proof of CHT's revenue. It uses D&P only to derive a valuation methodology and sensitivity framework, and it draws the operating-revenue inputs from bankruptcy-side professional materials and prior filed defense submissions. That makes the analysis more resistant to the Government's objection.

**Summary of illustrative results (against the $212 million benchmark):**

| Illustrative measure | Revenue input | Indicated EV (100% of X) | vs. $212M |
|---|---|---|---|
| 2017 D&P-derived QofE midpoint multiple (≈ 2.44x) | $150.5M+ (2017) | $367.1M | +$155.1M (+73.2%) |
| 2018 D&P-derived QofE midpoint multiple (≈ 2.41x) | $184.0M (2018) | $443.8M | +$231.8M (+109.3%) |
| Public-company multiple cross-check (addendum only; unadjusted) | $150.5M–$184.0M | $466.6M–$555.7M | Entirely above |

*"X" denotes the revenue multiple implied by the Duff & Phelps QofE-adjusted DCF midpoint ($342.5 million). The principal sensitivity analysis is the D&P-derived multiple applied to bankruptcy-professional revenue inputs; the public-company multiple range is included only as an unadjusted cross-check. Illustrative only; not a valuation opinion.*

## 2. Source Materials

This report relies exclusively on contemporaneous and filed record materials. No new projections, forecasts, or assumptions have been created. The sources are separated into two categories: a methodology source (Duff & Phelps) and bankruptcy-professional operating inputs.

**A. Methodology source (Duff & Phelps).**

In August 2016, Duff & Phelps Securities, LLC prepared contemporaneous valuation analyses of CHT for the Special Committee of CHT's Board in connection with the proposed going-private transaction. Those analyses, dated August 17, 2016 and August 24, 2016, applied standard valuation methodologies — discounted-cash-flow analysis, selected public-company trading multiples, and selected M&A transaction multiples. Duff & Phelps is used here only for valuation methodology, its QofE-adjusted DCF range, its unadjusted DCF range, and its selected-public-company revenue-multiple framework. It is not used as proof of actual 2017 or 2018 revenue.

| Methodology input | Value | Source |
|---|---|---|
| DCF range (QofE-adjusted) | $310.0M – $375.0M (midpoint $342.5M) | Aug. 17 Report at 18; Aug. 24 Report at 18 (D&P009655) |
| DCF range (unadjusted) | $335.0M – $410.0M | Aug. 17 & Aug. 24 DCF Analysis Summary |
| Public-company revenue multiples (2017/2018 mean & median) | 3.10x / 3.31x; 2.76x / 3.02x | Aug. 17 Report at 14; Aug. 24 Report at 14 (D&P009651) |
| D&P projected revenue — used only to derive the implied multiple, not as a revenue input | 2017P $140.4M; 2018P $142.0M | Aug. 17 & Aug. 24 Reports at 7, 17 (D&P009644, 009654) |

**B. Bankruptcy-professional operating inputs.**

The operating-revenue inputs are drawn from bankruptcy-side professional materials — the Houlihan Lokey company summaries attached to the Supplemental Hemann Declaration — and from prior filed defense submissions describing those materials.

| Operating input | Figure | Source |
|---|---|---|
| Orion HealthCorp | ~$18.6M revenue; ~170 customers (2017) | Suppl. Hemann Decl. Ex. 20 at 2 |
| Integrated Physician Solutions (IPS) | ~$20.5M billings; ~$2.2M EBITDA; ~4,000 physicians (2017) | Suppl. Hemann Decl. Ex. 21 at 2 |
| NYNM | ~$101M gross billings; ~$12.2M net revenue; ~$7.9M adj. EBITDA (2017) | Suppl. Hemann Decl. Ex. 22 at 2–3 |
| Allegiance | ~$10.4M revenue; $2.3M EBITDA (2017) | Suppl. Hemann Decl. Ex. 23 at 2 |
| 2017 consolidated / broader revenue reference | ~$150.5M+ (2017), incl. NYNM, Orion, IPS, Allegiance, and Vachette | May 4 Parmar Response to Gov't April 27 Letter at 3 |
| 2018 annualized revenue reference | ~$184M annualized revenue from actual client billings (April 2018) | Feb. 11 Parmar Sentencing Reply at 8 |

**Note.** Because certain company summaries — including ACA, ABA, Vachette, and any additional operating schedules — are not included within Exhibits 20 to 23, the $150.5M+ 2017 input is treated as a conservative minimum and not as a complete-company ceiling.

## 3.  Derivation of the D&P Methodology Multiple

The implied revenue multiples below are derived by dividing the QofE-adjusted DCF enterprise-value midpoint ($342.5 million) by Duff & Phelps' own projected revenues. This is a standard arithmetic step that expresses Duff & Phelps' own DCF conclusion as a multiple of revenue. The D&P projected revenues are used only to translate D&P's QofE-adjusted DCF conclusion into a revenue-multiple methodology; they are not the revenue inputs being valued in the sensitivity tables that follow.

| Year (method only) | D&P midpoint EV | D&P projected rev. | Derived multiple |
|---|---|---|---|
| 2017 | $342.5M | $140.4M | ≈ 2.44x |
| 2018 | $342.5M | $142.0M | ≈ 2.41x |

*These D&P revenues ($140.4M, $142.0M) are not the revenue inputs being valued. They appear only here, to derive the method.*

## 4.  2017 Sensitivity — Bankruptcy-Professional Revenue Input ($150.5M+)

This table applies the D&P-derived 2017 midpoint multiple (≈ 2.44x), and discounts to it, to the 2017 bankruptcy-professional revenue input of $150.5 million (May 4 Response at 3). Enterprise value equals multiple times revenue.

| Scenario | Multiple | Revenue input | Indicated EV | vs. $212M | % diff |
|---|---|---|---|---|---|
| 100% of X | 2.44x | $150.5M | $367.1M | +$155.1M | +73.2% |
| 90% of X | 2.20x | $150.5M | $330.4M | +$118.4M | +55.9% |
| 80% of X | 1.95x | $150.5M | $293.7M | +$81.7M | +38.5% |
| 70% of X | 1.71x | $150.5M | $257.0M | +$45.0M | +21.2% |
| 60% of X | 1.46x | $150.5M | $220.3M | +$8.3M | +3.9% |
| 55% of X | 1.34x | $150.5M | $201.9M | -$10.1M | -4.8% |
| 50% of X | 1.22x | $150.5M | $183.6M | -$28.4M | -13.4% |

## 5.  2018 Sensitivity — Bankruptcy-Professional Annualized Revenue Input ($184.0M)

The 2018 input is not taken from Duff & Phelps projections. It is taken from the defense's February 11, 2026 sentencing reply, which represented that April 2018 materials created by CHT's bankruptcy-side advisor, Houlihan Lokey, reflected approximately $184 million in annualized revenue from actual client billings. Feb. 11 Reply at 8. This exhibit treats that figure as a filed record representation and sensitivity input, not as an independent valuation finding.

| Scenario | Multiple | Revenue input | Indicated EV | vs. $212M | % diff |
|---|---|---|---|---|---|
| 100% of X | 2.41x | $184.0M | $443.8M | +$231.8M | +109.3% |
| 90% of X | 2.17x | $184.0M | $399.4M | +$187.4M | +88.4% |

| Scenario | Multiple | Revenue input | Indicated EV | vs. $212M | % diff |
|---|---|---|---|---|---|
| **80% of X** | 1.93x | $184.0M | $355.0M | +$143.0M | +67.5% |
| **70% of X** | 1.69x | $184.0M | $310.7M | +$98.7M | +46.5% |
| **60% of X** | 1.45x | $184.0M | $266.3M | +$54.3M | +25.6% |
| **55% of X** | 1.33x | $184.0M | $244.1M | +$32.1M | +15.1% |
| **50% of X** | 1.21x | $184.0M | $221.9M | +$9.9M | +4.7% |

**Observation.** Using the 2018 bankruptcy-professional annualized revenue input, the indicated enterprise value remains above the $212 million benchmark even at 50% of the D&P-derived midpoint revenue multiple. Using the conservative 2017 $150.5M+ input, the indicated enterprise value remains above $212 million through a 40% discount to the D&P-derived midpoint multiple and falls below only between the 55% and 60% scenarios. This is not offered as a finding of value. It is offered only to show that value received was capable of analysis and could not be assumed to be zero.

## 6. Addendum — Public-Company Multiple Cross-Check (Unadjusted)

This addendum is not part of the principal analysis and is not relied upon. It applies the enterprise-value-to-revenue multiples that Duff & Phelps reported for the eight selected public companies directly to the bankruptcy-professional revenue inputs, without adjustment. Because these multiples reflect no comparability, size, growth, margin, risk, or control adjustments, they overstate indicated value and are presented only to confirm that contemporaneous market data existed and could have been analyzed.

| Multiple (D&P public comps) | Multiple | Revenue input | Indicated EV | vs. $212M |
|---|---|---|---|---|
| 2017 Median | 3.10x | $150.5M | $466.6M | Above |
| 2017 Mean | 3.31x | $150.5M | $498.2M | Above |
| 2018 Median | 2.76x | $184.0M | $507.8M | Above |
| 2018 Mean | 3.02x | $184.0M | $555.7M | Above |

*These are unadjusted cross-checks and are not relied upon as actual value conclusions. The Court need not, and the exhibit does not ask it to, credit any figure in this addendum.*

## 7. Limitations

| What this exhibit does | What this exhibit does NOT do |
|---|---|
| Shows that a valuation methodology (D&P) and record-based operating-revenue evidence (bankruptcy-professional materials) both existed. | Does not opine on or establish CHT's actual fair market value. |
| Shows that the value-received issue was concrete, record-based, and capable of analysis. | Does not calculate Guidelines loss, restitution, or any offset. |
| Supports the substantial-question showing and the need for Rule 32 findings or a § 6A1.3 hearing. | Does not equate enterprise value with equity value, purchase price, or loss. |
| Uses Duff & Phelps only as a methodology anchor. | Does not rely on D&P management projections as proof of actual revenue. |

## 8.  Limited Relevance

This exhibit matters because the Government's loss theory treated the $212 million purchase price as the loss and did not account for value received. The defense is not asking this Court, on a release-pending-appeal motion, to determine CHT's value. The point is narrower: the record contained operating-company revenue evidence from bankruptcy-side professionals and valuation-methodology evidence from Duff & Phelps. Those materials made the value-received issue capable of findings or a hearing. The Government's position that no transaction-date valuation was required is therefore at least fairly debatable under the defense's preserved Guidelines-loss appeal.