# PUBLIC VERSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PARMJIT PARMAR, a/k/a "Paul Parmar,"

        Defendant.

Crim. No. 2:18-cr-00735 (MCA)

Appeal No. 26-2218 (3d Cir.)

Hon. Madeline Cox Arleo

## EXHIBIT 9

**Guidelines Error, Harmless Error, Same-Sentence Statements, and Remand Authorities**

This is the PUBLIC version of this document. It contains no material concerning Mr. Parmar's medical information or his service to or cooperation with federal law enforcement, and is filed publicly in unredacted form. It is offered solely in support of Mr. Parmar's motion for release pending appeal and alternative stay of surrender.

# EXHIBIT 9

**Guidelines Error, Harmless Error, Same-Sentence Statements, and Remand Authorities**

*United States v. Parmjit Parmar, Crim. No. 2:18-cr-00735 (MCA) (D.N.J.); Appeal No. 26-2218 (3d Cir.)*

---

### NOTICE AND PURPOSE

This exhibit is not offered to relitigate sentencing. It collects controlling and persuasive authority showing that appellate courts treat an erroneous Guidelines framework, an incorrect loss calculation, and an unsupported same-sentence rationale as consequential sentencing errors that ordinarily require remand or meaningful harmless-error review. It is offered to show that the Government's harmless-error argument is itself fairly debatable and that, if Mr. Parmar prevails on the preserved loss issue, the appeal is likely to produce a qualifying sentencing consequence under § 3143(b)(1)(B).

---

## A. Executive Summary

The Government's "no difference" argument does not resolve § 3143(b)(1)(B). When a Guidelines error changes the sentencing framework, appellate courts require meaningful harmless-error analysis. The record must show, with high probability and without speculation, that the same sentence would have been imposed after beginning from the correct Guidelines framework, and for reasons independent of the erroneous range. The authorities below establish that a statutory-maximum cap does not, by itself, make a Guidelines or loss-calculation error harmless, and that a brief or boilerplate same-sentence statement is insufficient unless it rests on the correct range.

## B. Master Case Table

| Case / Citation | Error type | Key quote (verbatim) | Outcome | Use in this case |
|---|---|---|---|---|
| **Kopp**, 951 F.2d 521, 523 (3d Cir. 1991) | Fraud-loss methodology; loss fixed without findings | "*the district court erred in fixing the 'loss' as the face value of the loan*" | Vacated and remanded. | A D.N.J. fraud sentence vacated for using face value instead of proven loss — the error presented here. |
| **Molina-Martinez v. United States**, 578 U.S. 189 (2016) | Incorrect Guidelines range | "*a reasonable probability that the district court would have imposed a different sentence under the correct range*" | Reversed and remanded. | Supreme Court anchor: an incorrect range ordinarily affects substantial rights. |
| **Langford**, 516 F.3d 205 (3d Cir. 2008) | Guidelines range error; overlap-harmlessness argument | "*Such an overlap, alone, proves too little.*" | Vacated and remanded; error not harmless. | Best harmless-error case: the "same result" argument fails without record proof. |
| **Smalley**, 517 F.3d 208 (3d Cir. 2008) | Same-sentence / alternative-sentence statement | "*not sufficiently detailed to comply with the first step of Gunter*" | Vacated and remanded despite same-sentence amendment. | A bare "I would impose the same sentence" does not establish harmlessness. |
| **Wright**, 642 F.3d 148 (3d Cir. 2011) | Procedural Guidelines error; same-sentence statement | "*remand the case for resentencing, without going any further*" | Vacated and remanded. | A desire to reach the same sentence cannot cure a wrong Guidelines path. |
| **Raia**, 993 F.3d 185 (3d Cir. 2021) | Guidelines offense-level error; harmless-error argument | "*heavy burden to show that these errors are harmless*" | Vacated and remanded. | Modern Third Circuit: heavy government burden; no speculation. |
| **Peugh v. United States**, 569 U.S. 530 (2013) | Higher Guidelines range; anchoring | "*the Guidelines should be the starting point and the initial benchmark*" | Reversed and remanded. | Advisory Guidelines still exert anchoring force — supports Exhibit 7. |
| **Rosales-Mireles v. United States**, 138 S. Ct. 1897 (2018) | Plain Guidelines miscalculation | "*a miscalculation of a Guidelines range … can have a significant effect on the sentence*" | Reversed and remanded. | Guidelines errors affect fairness and are not brushed aside. |

**Additional fraud-loss authorities (value received and actual-loss requirement):**

| Case / Citation | Error type | Key quote (verbatim) | Outcome | Use in this case |
|---|---|---|---|---|
| **Banks**, 55 F.4th 246 (3d Cir. 2022) | Loss enhancement applied without actual loss | "*the District Court erred when it applied the loss enhancement because Banks's crimes caused no actual loss*" | Vacated and remanded. | Current Third Circuit: the loss enhancement requires proven actual loss. |
| **Nagle**, 803 F.3d 167 | Wrong loss | "*we cannot conclude that the incorrect*" | Sentences vacated and | Loss is the price paid |

| Case / Citation | Error type | Key quote (verbatim) | Outcome | Use in this case |
|---|---|---|---|---|
| (3d Cir. 2015) | methodology; value-received offset | *loss calculations were harmless"* | remanded. | minus the fair market value received — the methodology omitted here. |
| **Kirschner**, 995 F.3d 327 (3d Cir. 2021) | Loss methodology accepted without sufficient findings | *"we cannot say that the error was harmless"* | Vacated and remanded for reconsideration of loss. | Most directly on point: the court must do a deeper analysis tying methodology to actual loss; harmlessness rejected. |
| **Diallo**, 710 F.3d 147 (3d Cir. 2013) | Intended-loss inference without a deeper analysis | *"deeper analysis"* | Vacated and remanded. | A court must do a deeper analysis before treating potential or face value as intended loss; relied on in Kirschner. |

*Citations are to the official reporters.*

## C.  Rules Derived From the Authorities

1. The Guidelines range is the starting point and the anchor of the sentencing analysis. *Peugh*, 569 U.S. 530; *Molina-Martinez*, 578 U.S. 189.

2. An incorrect, higher Guidelines range ordinarily affects substantial rights, because it ordinarily creates a reasonable probability of a different sentence. *Molina-Martinez*, 578 U.S. 189; *Rosales-Mireles*, 138 S. Ct. 1897.

3. A statutory-maximum cap does not automatically make a Guidelines or loss error harmless; the framework error is ordinarily corrected by remand. *Wright*, 642 F.3d 148; *Raia*, 993 F.3d 185.

4. A same-sentence or alternative-sentence statement must be clear, independently supported, and based on the correct range; a brief or unsupported statement is insufficient. *Smalley*, 517 F.3d 208; *Langford*, 516 F.3d 205.

5. Fraud-loss errors are consequential when they drive the offense level; the loss enhancement requires proven actual loss, calculated as price paid minus the value received, and the court must make findings tying the methodology to the actual-loss theory. *Banks*, 55 F.4th 246; *Nagle*, 803 F.3d 167; *Kirschner*, 995 F.3d 327; *Kopp*, 951 F.2d at 523.

## D.  The Statutory Cap Does Not Make the Error Harmless

The Government's argument depends on the statutory maximum. A statutory cap, however, changes the sentence the Court may impose; it does not erase the advisory range the Court used as the starting point and against which it weighed every § 3553(a) factor. *Molina-Martinez* and *Peugh* hold that the range anchors the analysis even when it is advisory. Where the anchor is wrong, the cases do not treat the resulting sentence as insulated merely because it equals the statutory maximum; they ask whether the record shows the same sentence would have followed from the correct range. On this record, the Court began from 324 to 405 months, not from 57 to 71 months, and weighed mitigation against that higher frame. A cap applied at the end of that analysis does not answer the anchoring question the cases require the Court to answer.

## E.  The Government's Likely Points and Why They Do Not Establish Harmlessness

| Government point | Why it does not establish harmlessness |
| --- | --- |
| The Court imposed the statutory maximum. | The maximum was imposed from a 324-to-405-month anchor; the cap does not erase that anchor. |
| A $150,000 loss still supports a 57-to-71-month range. | 57 to 71 months is a materially different anchor; mitigation that is absorbed at 324–405 changes the outcome at 57–71. |
| The Court could impose the same sentence on remand. | There is no independent same-sentence ruling under the corrected range; a bare statement is insufficient under Smalley and Wright. |
| Remand is unlikely. | The Third Circuit remands where the Guidelines framework is wrong and harmlessness is not proven. Wright; Raia; Langford. |

## F.  Application to the Record

Each premise below is drawn from the certified May 5, 2026 sentencing transcript and the record.

1.  The Court adopted offense level 41, criminal history category I, a range of 324 to 405 months, capped at the 60-month statutory maximum, and imposed the maximum. Tr. 5:6–11; Tr. 41:5–7; Tr. 77:13–19.

2.  The Court's $150,000 alternative produced offense level 25 and a range of 57 to 71 months. Tr. 26:9–17. But the Court did not make a transaction-date value finding, a corrected actual-loss finding, a corrected Guidelines calculation under a lawful methodology, or an independent same-sentence ruling under the corrected framework.

3.  Under the authorities above, that combination — an erroneous high anchor, a loss finding made without value findings, and no independent same-sentence ruling from the corrected range — is the configuration that ordinarily requires remand or, at minimum, meaningful harmless-error review.

Read together: Exhibit 3 shows the question is substantial; Exhibit 7 shows it is consequential on the Court's own numbers; Exhibit 8 shows that a later bankruptcy-sale price is not a substitute for the missing transaction-date valuation; and Exhibit 9 shows why settled harmless-error law requires more than the Government's "no difference" assertion before the loss finding can be treated as harmless.

## G.  Relationship to § 3143(b)

For bail purposes, Mr. Parmar need not prove that the Court of Appeals will reverse. He need only show that, if the substantial question is decided in his favor, the likely consequence is a qualifying outcome under § 3143(b)(1)(B). The authorities surveyed here show why: when a Guidelines framework is materially wrong and the record contains no independent same-sentence ruling from the correct range, the ordinary consequence is remand or meaningful resentencing. That is a qualifying result, and it makes the Government's harmless-error position fairly debatable rather than dispositive.

## H.  Limitations

- This exhibit does not ask the Court to change its sentence.
- It does not predict the outcome of the appeal in the Court of Appeals.
- It does not argue that the appeal must succeed.
- It shows only that the Government's harmless-error argument is itself fairly debatable, and that a favorable appeal is likely to produce a qualifying sentencing consequence under § 3143(b)(1)(B).

## I.  Government Authorities Do Not Resolve Harmlessness

The authorities on which the Government and the Court relied may explain why the Government believes the loss ruling was correct. They do not establish harmlessness. None holds that a later bankruptcy outcome substitutes for transaction-date value in an operating-company acquisition, and none eliminates the requirement that a Guidelines error be tested from the correct sentencing framework.

| Government authority | Why it does not defeat release pending appeal |
| --- | --- |
| *Georgiou*, 777 F.3d 125 (3d Cir. | A market-manipulation case concerning the loss caused by manipulated securities, not |

| Government authority | Why it does not defeat release pending appeal |
|---|---|
| 2015) | the transaction-date going-concern valuation of an operating company acquired in a going-private transaction. It does not hold that value received may be ignored. |
| *Geevers*, 226 F.3d 186 (3d Cir. 2000) | Permits limited burden-shifting once the Government makes a prima facie loss showing, but holds that intended loss does not equal face value as a matter of law and that the defendant may rebut. It concerns intended loss in a check-fraud scheme, not transaction-date going-concern value, and does not eliminate the Government's ultimate burden. |
| *Snyder*, No. 17-2241 (3d Cir. Jan. 30, 2019) (non-precedential) | A non-precedential attribution case affirming which investor losses were attributable to the defendant. It does not address value received, transaction-date valuation, an operating-company acquisition, Rule 32 findings, bankruptcy-sale versus going-concern value, or harmless error. |
| *Komar*, No. 12-2036 (2d Cir. 2013) | Supports the Government's merits theory on a partnership-investment loss but does not address Rule 32 findings, transaction-date valuation, or harmless-error anchoring from a corrected Guidelines range; it is also out-of-Circuit and non-binding in this Court. |

In short, these authorities go to whether the loss ruling was correct on the merits. They do not show that, if the ruling was wrong, the error was harmless from the correct framework. That the Government can marshal authority on its side, while *Kirschner*, *Diallo*, *Banks*, and *Nagle* support remand on the other, is itself the point: reasonable jurists can disagree, which is all § 3143(b) requires. That is the only question Exhibit 9 addresses.

## J.  Conclusion

The issue is not whether the Court could impose 60 months again after remand. The issue is whether this record already proves harmlessness despite a materially different Guidelines framework. Under the authorities surveyed here, it does not.