## PUBLIC VERSION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PARMJIT PARMAR, a/k/a "Paul Parmar,"

        Defendant.

Crim. No. 2:18-cr-00735 (MCA)

Appeal No. 26-2218 (3d Cir.)

Hon. Madeline Cox Arleo

## EXHIBIT 11

### Index of Exhibits

This is the PUBLIC version of this document. It contains no material concerning Mr. Parmar's medical information or his service to or cooperation with federal law enforcement, and is filed publicly in unredacted form. It is offered solely in support of Mr. Parmar's motion for release pending appeal and alternative stay of surrender.

# EXHIBIT INDEX

*United States v. Parmjit Parmar, Crim. No. 2:18-cr-00735 (MCA) (D.N.J.)*

*Appeal No. 26-2218 (3d Cir.)*

The exhibits accompanying the Reply in Support of the Motion for Release Pending Appeal are offered for the limited purposes stated below. None is offered to determine fair market value, to calculate Guidelines loss, or to prove any offset; each is offered to show that the appellate questions are preserved, concrete, fairly debatable, and consequential under 18 U.S.C. § 3143(b).

| Exhibit | Title | Limited Purpose |
|---|---|---|
| **Exhibit 1** | Chronology of Valuation Preservation and Defense Requests for Transaction-Date Valuation | Shows the transaction-date valuation and value-received issues were preserved from 2018 through sentencing. |
| **Exhibit 2** | Valuation-Related Data Available to the Government | Shows transaction-date valuation inputs existed and were available, including within the Government's own production. |
| **Exhibit 3** | Government Statements Rejecting Transaction-Date Valuation and May 5, 2026 Sentencing-Hearing Record | Shows the Government argued valuation was legally irrelevant and that no factual findings or hearing were required. |
| **Exhibit 4** | Causation, Reliance, Reasonable Foreseeability, and Intervening Cause Record | Shows causation, reliance, foreseeability, and restitution issues were disputed and required particularized findings. |
| **Exhibit 5** | Illustrative Valuation-Feasibility Sensitivity Analysis | Illustrative only; shows valuation was capable of analysis, not the actual value, loss, or any offset. |
| **Exhibit 6** | Voluntary Contact, Travel Disclosure, Voluntary Return, Appearance, and Supervised Compliance Chronology | Shows pre-arrest and post-sentencing conduct relevant to present flight risk; not offered to relitigate guilt, sentencing, or merits issues. |
| **Exhibit 6-A** | FBI Reporting Document (April 10, 2018; contact of March 16, 2018) | Contemporaneous corroboration of voluntary pre-arrest engagement; offered solely on present flight risk. |
| **Exhibit 6-B** | Location Monitoring Unit Communications (May 2026 airport-travel approvals) | Supervising agency's written approval of post-sentencing airport travel and finding of compliance; offered solely on present flight risk. |
| **Exhibit 7** | Guidelines Anchoring, Harmless-Error, and Qualifying-Result Sensitivity Analysis | Shows why the preserved loss issue is consequential under § 3143(b)(1)(B), why the $150,000 alternative does not establish harmlessness, and why a favorable ruling is likely to produce a qualifying outcome. |
| **Exhibit 8** | Bankruptcy-Sale Value Is Not Transaction-Date Going-Concern Value | Shows why a later bankruptcy-sale result cannot automatically substitute for transaction-date valuation, and why the missing valuation issue is substantial. |

| Exhibit | Title | Limited Purpose |
| --- | --- | --- |
| **Exhibit 9** | Guidelines Error, Harmless Error, Same-Sentence Statements, and Remand Authorities | Shows why the Government's harmless-error argument is fairly debatable and why a corrected Guidelines framework is likely to produce a qualifying result under § 3143(b). |
| **Exhibit 10** | Second Supplemental Declaration of Parmjit Parmar | Sworn facts on pre-arrest voluntary contact and present flight risk, and rebuttal to the Government's characterization of the 2024 monitoring-payment and medical events. Medical content filed under seal. |
| **Exhibit 10-A** | BI Incorporated Participant Payment Agreement (July 26, 2018) | Establishes the contracted $3.95-per-day monitoring rate underlying the 2024 billing-correction dispute. |
| **Exhibit 10-B** | Pretrial Services Email Correcting Monitoring Rate (July 10, 2024) | Pretrial Services adjusts the bill to the contracted rate and confirms the overcharge was not the defendant's responsibility. |
| **Exhibit 10-C** | Defendant Email to Pretrial Services Re Rate Correction and Payment (February 26, 2020) | Shows the defendant flagged the incorrect rate years earlier and made a payment; the delay in correction was not his. |
| **Exhibit 10-D** | Medical Imaging Report (July 2024) — Filed Under Seal | Contemporaneous medical record rebutting the claim that the 2024 health events were exaggerated. Filed under seal. |
| **Exhibit 10-E** | Medical Procedure Report (July 16, 2024) — Filed Under Seal | Contemporaneous medical record documenting an urgent procedure, rebutting the claim that the 2024 health events were exaggerated. Filed under seal. |
| **Exhibit 11** | Index of Exhibits | This index. |

*Exhibit 3 is the principal exhibit for substantiality and the Rule 32 showing; Exhibit 7 is the principal exhibit for likely-result and harmless-error materiality; Exhibit 8 explains why bankruptcy-sale value cannot substitute for transaction-date value; and Exhibit 9 shows why harmless-error law requires more than the Government's "no difference" assertion. Exhibits 1 and 2 provide preservation support; Exhibit 4 and the illustrative analysis offer limited reinforcement; and Exhibit 6 supports the present-risk showing.*